## James C. Woods, Ex Parte.

When cases cannot by law be brought from the inferior Courts into the Circuit Court by appeal &c., the superintending control of the Supreme Court may, if necessary be executed for other objects and purposes, as well as in aid of their appellative jurisdiction.

In either case it acts directly upon the tribunal: and if necessary to effect this object, the Supreme Court, or one of the Judges, may issue writs of error and supersedeas, certiorari, and habeas corpus, mandamus and quo warranto, or other remedical writs.

Every act of a Court of competent jurisdiction shall be presumed to be rightly done until the contrary appears: and this rule applies to every proceeding, from the institution to the final termination of the suit.

Whoever would complain of the proceedings of a Court must do it in such time as is allowed by law. If he objects to the mode in which he is brought into Court, he must do so before he submits to the process. If he pleads to the action generally, all irregularities, provided the Court has jurisdiction of the subject matter, are waived, and the Court can decide upon the rights of the parties.

The judgment is conclusive, unless it appears affirmatively upon the record, that the plaintiff has no title to the thing demanded, or, that in rendering judgment the Court has erred in law.

So long as the judgment remains in force, the plaintiff has a right to process to execute it. And the errors of the Court can only be examined by an appellate power, within the time, and in the manner fixed by law.

But this is upon the supposition, that, however erroneous the proceedings may be, they are founded upon some notice, either express or implied: and, that the Court, having first lawfully gained jurisdiction, its exercise must be respected, until an appellate tribunal shall reverse or annul its acts.

The powers of the Supreme Court are two-fold—ordinary and extraordinary. Ordinary—those general powers of adjudicating between parties upon matters in which the inferior Courts have, *in the manner prescribed by law* exercised their judgment and discretion; and where the judgments of these Courts are authorized upon the parties until reversed: Extraordinary or special—where an inferior Court has passed the limits of its jurisdiction, by either assuming powers not conferred by the Constitution, or by an exercise of judgment or discretion in a manner not recognized by, or in contradiction to, the Constitution and laws.

The record, to bind the parties, must show, not only that the Court has jurisdiction over the subject matter and the parties; but that it has gained such jurisdiction, and exercised its powers, in conformity to law. The mode is an essential ingredient, indeed a condition on which the power depends. In such case the act is binding or nugatory, as it pursues the mode or is done in disregard of it.

The boundary between an error in judgment, and the usurpation of power, is too broadly marked to be mistaken. The one is reversible, within a fixed time—the other is an absolute nullity, irreversible for error. An execution, issued on a judgment obtained without process or notice, is such a nullity.

The powers of the Supreme Court are sufficiently broad and expansive to reach every case, and correct every illegal judicial process.

An execution issued by a justice of the peace, on a judgment obtained without process or notice, is illegal; and may be arrested by a writ of supersedeas, which may be issued either by the Supreme Court or one of the Judges.

Where the order for a supersedeas directs the proceedings to be immediately stayed, the execution having been improvidently and illegally issued; and the writ only directs them to be suspended, omitting to set forth the facts, for reason of which they are to be stayed, it is a variance for which the writ will be quashed.

James C. Wood, Ex parte.

This matter came up on motion. The facts are stated in the opinion of the Court.

DICKINSON, J., delivered the opinion of the Court:

It appears that Woods obtained a judgment before a justice of the peace against Headington, and issued process of garnishment against John and James McQuaid; both of whom were represented to be indebted to Headington. The process was never served upon John McQuaid, nor any notice given him of the proceedings instituted : judgment however was rendered against both, as by default.

The Statute declarés that the writ, if issued by a justice, shall be directed to the proper constable, and shall be served and returned in the same manner as writs of summons; viz: by reading the same to the defendant, or delivering him a copy, or by leaving such copy at his usual place of abode, with some white person, who is a member of his family over the age of 15 years: that there shall be at least five days service, and that the defendant shall have the right to appeal from the judgment of the justice to the Circuit Court at any time within fifteen days from entering the judgment.

Execution was issued upon the judgment against both John and James McQuaid. On the petition of John McQuaid setting forth these facts, the Chief Justice granted an order directed to the clerk of this Court requiring him to issue a writ of Supersedeas in the usual form to stay all further proceedings on the execution issued and to return the same—it having been improvidently and irregularly issued. The right to make the order and issue the writ is controverted and a motion made to set them aside: and this brings us first, to the consideration of the powers vested in this Court and the judges severally, by the 2d *section* of the 6th *article* of the Constitution of this State.

The Supreme Court, except in cases otherwise directed by the Constitution, has appellate jurisdiction only, which shall be co-extensive with the State; which however may, from time to time, be regulated and restricted by law. It is also given a superintending control over all the inferior Courts of law and equity, with power to issue writs of *error* and *supersedeas, certiorari* and *habœs corpus, mandamus* and *quo*

*warranto,* and *other remedial writs,* and to hear and determine the same. And the Judges are severally empowered to issue *any of the aforesaid writs.*

The real question arising in this case is much broader, and of a more important character, from its bearing upon individual rights, than any perhaps now pending before us.

The Constitution, in investing this Court with the powers specified, intended to accomplish a great political object. Its design was not so much to prevent injustice or injury in one case, or in successive single cases, as it was to make salutary provisions, which, in their operation, should give security and protection to all, and confine each and every department within its proper and legitimate sphere. While it is conceded that the appellate power conferred upon this Court, may be restricted and regulated by the General Assembly, yet these regulations are to extend only to the time, manner and mode, in which these powers are to be exercised, and must be general and uniform in their bearing and operation throughout the whole State, for the grant being express that it shall be co-extensive with the limits of the State, it cannot be restricted to any one particular part to the exclusion of the rest. The acts regulating the practice of law in the Supreme and Circuit Courts (ch's. 116, 117, Rev. St.), give the right of appeal and writs of error from the final judgment of the Circuit Court; consequently, where cases cannot by law be brought into the Circuit Court from the inferior Courts by appeal &c., the superintending control, which the Supreme Court possesses, may when necessary be executed for other objects and purposes, as well as in aid of their appellate jurisdiction; but in either case it acts directly upon the tribunal. And if necessary to effect this object, this Court has power to issue all the above named *writs;* or a Judge of this Court may issue any or either of them.

But was the writ issued in this case, and the order made by the Chief Justice within the scope of his authority ?

The judgment was given by a justice of the peace, duly and regularly commissioned : and it is a principle of law well settled, that every act of a Court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears. This rule applies to

every proceeding from the institution to the final termination of a suit. And whoever would complain of the proceedings of a Court, must do it in such manner as is allowed him by law. If he objects to the mode in which he is brought into Court, he must do so before he submits to the process. If the proceedings against him are not conducted according to the rules of law and of the Court, he must take the necessary steps to set them aside. Or if there is any defect in the form or manner in which he is sued, he may assign those defects specially, and the Court will not hold him answerable till those defects are remedied. But if he pleads to the action generally, all irregularities, provided the Court has jurisdiction of the subject matter, are waived, and the Court can decide upon the rights of the parties. The judgment is conclusive, unless it appears affirmatively upon the record, that the plaintiff has no title to the thing demanded, or that in rendering judgment, the Court has erred in law.

So long as the judgment remains in force, the plaintiff has a right to process to execute it. The errors of the Court can only be examined by an appellate power: and by the laws of every country, a time is fixed, and the manner regulated, in which such can be examined, whether in rendering judgment, issuing execution, or enforcing it by sale or imprisonment. And surely it is not unreasonable, that the person, who claims that there is error, shall avail himself of his legal rights in a reasonable time, or that that time should be fixed by law. All those cases however are upon the supposition that, no matter how erroneous the proceedings may be, yet they are founded upon some notice either express or implied. And that the Court having first lawfully gained jurisdiction, its exercise must be respected until an appellate tribunal shall reverse or annul its acts. *Chief Justice* MARSHALL in the case of *The Mary*, 3 *Peters Cond. Rep.* 312, says, "It is a principle of natural law, of universal obligation, that before the rights of an individual can be bound by a judicial sentence, he shall have notice, actual or implied, of the proceedings against him."

The Constitution has clearly marked the lines between the different tribunals, and assigned to each certain specified powers. The several statutes have regulated the manner in which those powers shall be

James C. Woods, Ex parte.

exercised, and prescribed the mode, by which jurisdiction over the persons, as well as the subject matter in controversy, can be obtained where the Court is at all authorized to act: For a Court cannot, even with the consent of the parties, exercise a jurisdiction not conferred upon it, by the Constitution or law of the land; therefore it is always presumed that each Court will not only confine itself within its proper limits, but that it will not attempt to exercise any authority, unless in some manner known to the law. And so careful were the framers of the Constitution lest, notwithstanding all the various guards thrown around them, the rights of the citizens might be infringed, that in the 10th *section of the Declaration of Rights*, they have expressly declared, "That no free man shall be taken or imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land." By which is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.

What then is the relief to which a party is entitled, where it affirmatively appears by the record, that none of the ordinary forms of law, by which a Court is authorized to take or exercise jurisdiction over the person or subject matter, has been pursued; and an attempt made to enforce a judgment entered without notice or service of any process, or the *privilege* of making any defence to the charges against him: and upon which an execution has illegally issued, by which he may be deprived of his liberty or property ?

The powers of the Supreme Court are two-fold, ordinary, and extraordinary. The first, those general powers of adjudicating between parties upon matters, in which the inferior Courts have *in the manner prescribed by law*, exercised their judgment and discretion, and which is conclusive upon the parties unless reversed. The extraordinary or special powers are clearly where an inferior Court has passed the limits of its jurisdiction, by either usurping powers not conferred by the Constitution from which it derives its existence, or by an exercise of its discretion and judgment in a manner not recognized by, or in contradiction to the Constitution, and the laws of the land. The

James C. Woods, Ex parte.

exercise of a power by a Court, does not prove its rightful exercise. The record, to bind the parties, must show, not only that the Court has jurisdiction over the subject matter and the parties to the suit, but that it has gained such jurisdiction, and exercised its powers in conformity to law. For the mode is an essential ingredient, constituting indeed a condition upon which the power depends. In such case the act is binding or nugatory, as it pursues the mode, or is done in disregard of it.

In the case of *Voorhies vs. the Bank of the United States,* the Court say that, in a judgment "not warranted by the Constitution or laws of the land, our most solemn proceedings can confer no right, which is denied to any judicial act under color of law, which can properly be deemed to have been done *coram non judice,* that is by persons assuming the judicial function in the given case without lawful authority." And in these views, so applicable to the case before us, we fully concur.

The boundary between an error in judgment and the usurpation of power, is too broadly marked to be mistaken. The one is reversible by an appellate Court within a certain fixed time; the other is an *absolute nullity,* reversible for error. The jurisdiction of a Court over persons consists in a right to determine the controversy between them, and ultimately compel them to submit to its decision. The interests of litigants, the peace of society, and the security of private rights, all demand that where a Court acts within its proper sphere, although it may in its judgment err, such acts shall not be disturbed after a certain limited period. Yet, on the other hand, the great rule established for the protection of every citizen, would be utterly prostrated, if he could have no relief from an execution issued upon a judgment without process or notice, where there has been no laches on the part of the petitioner, and no appeal to any other tribunal. Such a doctrine would be contrary to every principle of law, reason and justice; and in a government like ours, which professes to extend protection to every individual of every class and condition, ought never to be countenanced or encouraged. Our Constitution and laws we believe fully competent to embrace every case, which may arise.

68

The duty of deciding whether the rights and privileges of the people, or any of them, have been invaded by any of those who have been entrusted with judicial power and legal authority is one, it is true, of great delicacy, but nevertheless one, from the performance of which this Court will never, we trust, under any circumstances, shrink.

That the party, in this instance, was entitled to relief, there can be no doubt: The only question is whether the mode adopted was the most appropriate. The writs enumerated in the Constitution the Court may hear, try and determine; The judges may severally issue any of them. All the powers of the Court may, it is believed, be exercised through the writs enumerated, and the terms "and other remedial writs." No human sagacity could have foreseen, even if such foresight had been attempted, the circumstances, which would give rise to the exercise of the various powers conferred upon this Court. This alone would be a sufficient reason for terminating the enumeration of writs mentioned under the term "other remedial writs." And to what purpose is our language furnished with general terms, if they cannot supersede the necessity of enumerating the particulars they contain: They are only such other writs as may be proper, needful and appropriate to carry out the general objects of the grant, leaving to the Courts to say when and in what shape their interposition for the preservation of life, liberty or property is necessary. Possessing neither the purse nor the sword, and dispensing no patronage, there is less fear to be entertained from the judiciary, than from any other department. It can do little to subvert the liberties of the country, but may do much to avert such a catastrophe.

The term *supersedeas* is a comprehensive one. Sometimes it is express in its commands, at others only so by implication. In the first, when the person, to whom it is directed, is commanded from the doing of an act therein mentioned; or if the act has already been done, to annul it as far as possible. In the second, it only suspends without annulling acts done before its issuing, and which before were lawful. It was used in England for setting aside an erroneous judicial process, &c.; to discharge prisoners: So, if illegally arrested upon mesne or

James C. Woods, Ex parte.

final process: So, if a privileged person. (*Finch* 453; *Cro. Jac.* 379; *Vaugh.* 155; and *Bacon Abr. Supersedeas, Vol.* 6.) Almost every writ, whether it be of error, habeas corpus, prohibition, and the like, are, in their nature and effects to some extent writs of supersedeas, intimately connected with the appellate jurisdiction of this Court, or in aid of its superintending and controlling power over the inferior Courts.

Can it be contended that, where there is a total disregard of all the ordinary and prescribed forms of law on the part of the justice, this *ex parte* proceeding shall be inviolable ? Such flagrant injustice is not imputable to either the common or statute law. The powers of this Court are sufficiently broad and expansive to reach every case, and arrest the further execution of every illegal judicial process; and we will not regard the want of form, where it is not essential to the great ends of justice.

The judicial branch of the Government most certainly does not possess the power of legislating; but in construing the Constitution, they must look to the objects it professes to attain, and not defeat the very end and aim of its creation. The general powers of this Court may be, and no doubt are sufficiently designated in the Constitution. to effect all its purposes; but the extent of each, it was not in the wisdom of man to foresee and precisely describe. How they are to operate and exhibit themselves depends upon circumstances: and as they must be forever varying, constitutional questions and doubts must arise so long as the Constitution exists. It must be so adapted as to meet every case which may arise—protect every interest which may be affected. In doing this; in the administration of justice, matter of form, not absolutely subjected to authority, may well yield to the substantial purposes of justice. This is the more necessary with the highest tribunal, in which the deposite of great confidence, as well as great power, becomes indispensable to the public safety.

Upon the whole, we are of opinion that the order for a supersedeas was rightly made. The supersedeas issued does not however conform to the order, which was that the proceedings on the execution be stayed immediately, the same having been improvidently and illegally issued, whereas the writ only directs the proceedings to be sus-

pended, omitting to set forth the fact why it ought to be stayed. And for this variance, the writ ought to be quashed and set aside. Although we have doubts of the right of Woods to make the motion in this Court to set aside the proceedings had before the Chief Justice, and the writ, we have deemed it best to settle the question of the right of a Judge of this Court to act in such case.