## McKNIGHT *vs.* SMITH.

The rights of any man cannot be impaired or destroyed by a judicial sentence, unless he has first been made a party to the proceeding, or had an opportunity to defend him-self. Some notice of the proceeding is necessary to give the court jurisdiction of the party—and may be either actual, or constructive.

McKnight *vs.* Smith.

Where the court has rightful jurisdiction of the subject, and of the parties, every pre-sumption, is in favor of the regularity of the proceedings.

The exercise of jurisdiction, does not prove that it has been correctly acquired—the *facts* which give jurisdiction cannot be presumed, but must appear *upon the record;* and when these facts do appear, the presumption is in favor of the proceeding, unless irregularity affirmatively appears.

The correct practice in obtaining judgment on delivery bond, laid down. *Lenox vs. Pike,* 1 *Ark.,* and *Gilbreath vs. Kuykendall, id.,* cited and affirmed.

THIS was a judgment on delivery bond, rendered in the Pulaski Circuit Court, at May term, 1843, before the Hon. JOHN J. CLEN-DENIN, one of the circuit judges. The facts sufficiently appear in the opinion of the court. The case came here by writ of error.

*Fowler* and *Blackburn,* for plaintiff.

*Cummins,* contra.

*By the Court,* SEBASTIAN, J. This was a judgment on motion, on a delivery bond, taken without notice, or any declaration filed pre-viously, under the 3d section of the act of Jan. 7, 1843, p. 50. The remedy here provided is summary in its character, and in derogation of the principles of the common law, and, according to the general principles governing such cases, can be warranted only by a strict pursuance of the statutes creating the remedy. It is a universal principle pervading the whole jurisprudence of our country, necessary for the protection of civil liberty and the rights of property, that no person's rights can be impaired or destroyed by a judicial sentence unless he has first been made a party to the proceeding, or an oppor-tunity afforded him to defend himself against it. This may be done either by actual service of process against him, which informs him of the time and place and character of the proceeding against him, or by constructive notice, which may be given in any manner pro-vided by law. This notice is necessary to give the court jurisdiction of the person, and unless it is acquired in some mode, the judgments of the court are mere nullities. When a court has competent juris-diction of the subject of controversy and the parties, every presump-tion of law in favor of the regularity of its proceedings and of the grounds of them, is to be extended. This does not extend however

McKnight vs. Smith.

to the proceedings of the court in taking jurisdiction of the parties, as it is well established "that the exercise of jurisdiction by a court does not prove that it has correctly acquired it. The *facts*, which confer jurisdiction upon the court by operating as notice to the defendant, should not therefore be presumed, but appear on the record of the proceedings. The 40th section, page 380, of the Revised Statutes, provides that "if the condition of the bond be broken and the execution be returned unsatisfied, the defendant and his securities shall be deemed to have notice of the facts, and the plaintiff without further notice may, on the return day of the execution, or on any subsequent day of the term, at which such execution is returned, move the court for judgment on the bond against the defendant and his securities," &c. The facts, to which the law under this section affixes the force of notice to the defendant, are the forfeiture of the condition of the delivery bond, and the return of the execution unsatisfied. These facts being established to the satisfaction of the court, it may entertain the case and bind the defendant by its judgment. The record does not inform us whether the execution was returned or not, or of what return was made, nor whether the bond was returned by the sheriff with the execution as required by section 44 of the same act. For aught that appears to us on the record, there may be such a return as would show the defendant discharged, the execution stayed or satisfied, and yet consistent with the fact that the condition of the bond had been broken, by the failure to deliver the property. Whether the condition of the bond was broken, or what the condition of the bond was, are facts which do not sufficiently appear on the record. The record states that it "appeared to the satisfaction of the court" that "the condition of the delivery bond was forfeited" by non-delivery of the property. This statement involves a conclusion of both law and fact, which we are unable to determine without that condition was set out, and the fact which amounted to a forfeiture of it. Had these facts, which by the statute are necessary to affect the party with notice, been stated with sufficient certainty, so as to warrant the court in entertaining jurisdiction of the party, we would then presume in favor of the regularity of the judgment as being based upon sufficient facts to support it, unless the

contrary affirmatively appeared. In such case the defendant is held to the same obligation to appear and defend the motion as though he had been actually served with process or notice.

We think, in such cases the correct practice is to make the motion for such judgment in writing, setting forth all the material facts constituting the defendant's liability, and in so doing the judgment necessarily affirms their existence. It also amounts in such case to such a description of the cause of action as will bar a future action upon it. This object was not intended by the statute to be dispensed with; it only superseded the necessity of process and the forms of pleading in order to attain more speedy justice.

We have proceeded upon the ground that none of the proceedings in the transcript before us, except the judgment, are properly before us. The proceedings in the original suit and the execution and delivery bond, are not a part of the record of this cause; and although they are records of the court, yet they are the records of a different and distinct proceeding. The motion in this case is substituted in place of an action on the delivery bond, and for a different cause of action against different parties. The execution and bond were nothing more than evidence in this new action, and like any other evidence in it they do not become a part of the record, unless made so by some appropriate proceeding. *Lenox vs. Pike,* 1 *Ark.* We have therefore regarded nothing in this cause as legitimately before us except the judgment and the facts it recites; and inasmuch as it does not show sufficiently, the existence of these facts necessary to constitute the plaintiffs in error parties to the proceedings below, the judgment must be reversed, and the rule in *Gilbreath vs. Kuykendall,* enforced. Judgment reversed.