Walker, J. This case comes up on petition for mandamus. It appears that the petitioners presented their bill to the circuit court of Ouachita county, at the September term, 1848, and thereupon moved the court to grant them an injunction in accordance with the prayer of their bill: the object of which was to injoin defendant Stith, as trustee, from selling certain real estate and slaves, conveyed to him in trust, to secure the payment of a note executed by petitioner Pile, to defendant Moss, and cause said note and deed to be given up and canceled; which note and deed are alleged to have been executed for no other consideration than to prevent a sale and sacrifice of petitioners’ property under a judgment and execution which are represented as being void, and which, they aver, had in truth been paid. is) The transcript in this case shows that defendants pleaded nut tiel record to the scire facias, to which issue was taken, finding for plaintiff, and judgment of revivor.— Reporter. The question presented for the consideration of this court is, do the facts, as disclosed by the bill, entitle the petitioners to- the relief sought. The validity of the original contract, and the judgment rendered on it, are not complained of. Execution was issued and returned with a forfeited delivery bond, upon which, by mere motion, without notice to the obligors, and without their having appeared to the action, judgment was rendered against them for the amount of the former judgment with ten per cent, interest, and also ten per cent, on that amount, as damages, together with the costs of both suits. So far as the validity of the judgment is concerned, the facts are substantially the same as in the case of McKnight vs. Smith, 5 Ark. 410, where it is said that “notice, actual or constructive, is necessary to give the court jurisdiction of the person, and, unless it is acquired in some mode, the judgment is amere nullity.” The repeated adjudications of this court, sanctioned by the highest judicial tribunals of our sister States, not less than the plain dictates of natural justice, have settled the question that judgment should not be passed upon the rights of the citizen without affording him an opportunity to defend. In this case, the circuit court having acquired no jurisdiction over the person of the defendant by notice, either actual or constructive, the judgment is utterly void. Subsequently an attempt was made to revive that judgment by scire facias. The order is in the following language: “Wherefore it is considered, by the court, that the plaintiff hatre execution for the judgment aforesaid.” The legal effect of a judgment on a scire facias, where. judgments remain without process or satisfaction, is to remove the presumption of payment arising from lapse of time. It adds nothing to the validity of the former judgment, but simply leaves it as it was when rendered. The scire facias is dependent for its legal existence upon a valid judgment; without it, the whole proceeding, by scire facias, is a nullity. It is, therefore, perfectly immaterial to the merits of this case whether the defendants appeared to the writ of scire facias or not. (a) The per-mission to issue execution presupposes a valid judgment, and if there be none, the rights of the parties are not affected by it. If it be true that the judgment and order for execution to issue are void, and that they are, vve entertain no doubt, and that the debt has been paid, with interest and costs, it is manifestly clear that, in equity and good conscience, the complainants should not be compelled to pay it again. And the wrong is still more aggravated, when it is remembered that it is not alone the original debt of $258 70, with interest, which is claimed, and which is alleged to have been paid some years since, but the sum of $680 80, with ten per cent, interest, since the 24th of February, 1848: a considerable amount of which is costs and damages assessed on a void judgment. Whether the facts set forth in the bill be true or not, it is not for this court to determine; the bill is sworn to, and, for all the purposes of this application, must be taken as true. If the chancellor has not power to afford relief in this case, it is difficult to conceive to what other tribunal the petitioners should have applied for relief. Having never been before the circuit court, they could not have waived any legal right there. The doctrine, therefore, of vigilance and defence at law does not apply to this case. No effort is being made to enforce the collection of the judgment, or supersedeas might relieve them as in the case of Wood, Ex parte, 3 Ark. Rep. 532. No execution is hanging over their estate — a motion to quash or supersede would be unavailing. No suit is proposed on the note or deed, consequently no plea to the consideration, or other defence, can be interposed. Such being the case, the principles of equity, as well as the express provisions of our statute, which provides “that courts of chancery shall exercise jurisdiction in all cases where adequate relief cannot be had at law,” entitle the complainants to relief. This principle is not, however, to be considered as extending to cases of negligence or unskillful defence at law, nor to cases of concurrent jurisdiction, in which an unsuccessful defence at law has been made. The court is of opinion that an injunction should be granted in tbis case; and direct that a mandamus be issued ill accordance with the prayer of the petition.(a) Note. Petition for reconsideration, by Watkins & Curran, counsel for Moss and Stith, overruled. Reporter.