## CLARK EX. VS. BOMFORD & SHUMARD.

On a proceeding in the Probate Court for allowance of an account for services, properly authenticated, which had been rejected by the executor, it appeared that the plaintiff had rendered to the testator, in his life time, an account for the same services, but the items of the account were for a much less amount: The Court determined·that the account rendered to the testator was the proper one to be exhibited by the plaintiff against the defendant, and proceeded to adjudicate it: *Held*, that the account rendered to the testator might be considered as evidence tending to establish the fact that the items in the account exhibited to the executor were overcharged, but not conclusive evidence: that the error, in so considering it, was not one of which the executor could complain; that such action of the Court was not the substitution of one account for another; that it was not necessary that such smaller account should have been sworn to, and, if it was, the objection comes too late after final judgment.

*Error   to   Sebastian   Circuit   Court.*

Hon. FELIX I. BATSON, Circuit Judge.

OGDEN and TURNER, for the plaintiff.

It is respectfully submitted that the Probate Court erred in substituting the account which had not been exhibited to the executor; and acting upon the same, instead of the account which had been exhibited and disallowed by the executor. The Circuit Court erred equally in affirming the judgment. It is maintained that the proceedings of both Courts in the premises were *coram non judice.* See *chap.* 4 *of the Rev. Stat., sec.* 102.

Du VAL, for the defendants.

The error assigned, that it does not appear that the claim acted upon by the Probate Court was ever exhibited to the plaintiff in error for allowance, and that the account which

had been thus exhibited was not recognized or acted upon by the Court, was certainly against the defendants, and they alone could be heard to complain.

It is too late to raise this point here for the first time. See *Vaden et al. vs. Ellis*, 18 *Ark*. 355. The only mode by which, under the statute, this Court could take notice of it, would have been by incorporating it into the bill of exceptions taken to the decision of the Probate Court. *Sec*. 179, *chap*. 4, *Dig*.

But if the plaintiff is entitled to the benefit of the objection, it is manifest that he was in no wise prejudiced by the decision of the Circuit Court, because the record expressly states that the accounts were for the same services.

Mr. Justice COMPTON delivered the opinion of the Court.

This was a proceeding instituted in the Probate Court of Sebastian county, by Bomford & Shumard against Solomon F. Clark, as executor, etc., for the allowance and classification of an account for medical services, amounting to $526, against the estate of one Aaron Clark, deceased.

The Probate Court allowed Bomford & Shumard the sum of $226, and classed the same against the estate, which, on appeal to the Circuit Court, by the executor, was in all things affirmed, and he brought error.

The account was duly authenticated, and presented to the executor, who, upon examination, refused to allow it. Pending the trial in the Probate Court, it appeared in proof that Bomford & Shumard had presented an account to the testator in his life time for the same services, amounting to $282, and differing in nothing except as to the rates at which the several items were charged—which latter account was not authenticated, and had not been presented to the executor for allowance. The record entry then proceeds as follows:

" It is, on motion, ordered by the Court, that the said account for $282, which is now produced and shown to the Court here, and herein filed, be and the same is hereby considered to be the proper account to be exhibited by the plaintiff in this case

28

against the defendant, and the Court proceeded to examine said account, and the witnesses adduced, etc." It is insisted by the counsel for the executor, that this decision of the Probate Court was erroneous, and that the judgment of the Circuit Court, affirming it, should be reversed.

That it was proper for the Probate Court to consider the account for $282, in connection with the testimony showing it to have been presented, for settlement, to the testator in his life time, as evidence tending to establish the fact that the items for the same professional services, were overcharged in the account for $526, no doubt can be entertained. The Court, however, seems to have treated the mere presentation of the account as *conclusive* evidence of such overcharge, and, in this, erred.

But can the executor take advantage of the error? In subject matter the two accounts were the same, differing only as to the rates charged, and the adoption by the Court of that for $282, as a limit beyond which Bomford & Shumard were not permitted to recover, was not a substitution of one cause of action for another, so as to prejudice the executor; but, on the contrary, was a ruling to his advantage, since the account adopted as a basis for the investigation, was less in amount than that which was originally filed. So that the error being beneficial, rather than to the prejudice of the executor, he cannot complain of it. *Ashley vs. May*, 5 *Ark.* 409. And, besides this, although the record does not affirmatively show on whose "motion" this decision of the Court was made, yet, from the circumstances, the inference might be indulged that it was at the instance of the executor himself; but, however this may be, the record does show that both parties were present, and that the decision was made without objection or exception by either of them.

It was not necessary that the account for $282 should have been sworn to, because the account originally filed, which we have seen was the same in substance, was duly authenticated, and if it had been necessary, the objection comes too late after

OF THE STATE OF ARKANSAS. **443**

Term, 1859.]       M., O. & R. R. R. R. Co. vs. Cross.        .

final judgment.   See *Beirne & Burnside vs. Imboden et al. adm.* 14 *Ark.* 237; *Walker adm. vs. Byers, Ib.* 246; *Ryan vs. Lemon adm.*, 2 *Eng.* 78.

We have carefully examined the testimony, upon which the judgment was rendered, and, although the evidence is not as satisfactory as might be desired, still we cannot say that there was such a want of evidence as would warrant us in disturbing the finding of the Court below.

The judgment must be affirmed, with costs, etc.