CENTRAL COAL & COKE COMPANY *v.* TEXAS PRODUCE COMPANY.

Opinion delivered June 14, 1902.

APPEAL—PRESUMPTION.—Where a judgment recites that a pleading was filed on a different date from that shown by the clerk's file mark, it will be presumed on appeal, in the absence of a bill of exceptions, that there was other evidence than the clerk's file mark which warranted the court's finding.

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Affirmed.

STATEMENT BY THE COURT.

The judgment of the lower court recites as follows: "And it further appearing to the court that on said 12th day of December, 1896, plaintiffs sued out a writ of garnishment therein, setting forth in said writ plaintiff's claim as stated in their complaint, directed to the sheriff of Miller county, Arkansas, commanding him to summon the Central Coal & Coke Company as garnishee to appear on the first day of the present January term of this court and answer what goods, chattels, moneys, credits and effects it had in its hands or possession belonging to said defendant, J. F. Hall, and answer such further interrogatories as may be exhibited against it, and that on the same day plaintiffs prepared and filed herein "with the clerk of this court their interrogatories and allegations in writing, wherein they alleged that said garnishee, the Central Coal

& Coke Company, was indebted to defendant, J. H. Hall, in the sum of $2,500," etc.

The allegations and interrogatories to the garnishee bear the file mark of December 28, 1896. Judgment by default was rendered against the garnishee on January 13, 1897.

The only assignment of error furnished in appellant's brief is that "it was error for the court to render judgment by default against garnishee, because the interrogatories addressed to the garnishee were not filed until more than ten days after the writ of garnishment had issued."

*Glass, Estes & King,* for appellants.

It was error for the court to render judgment against garnishee, because the interrogatories were not filed until more than ten days after the writ of garnishment had issued. Sand. & H. Dig., § 3510; 66 Ark. 53.

*Oscar D. Scott,* for appellees.

The interrogatories were filed in compliance with the statute. Sand. & H. Dig., § 4191.

HUGHES, J., (after stating the facts.)   Section 3510 of Sandels & Hill's Digest provides that "the plaintiff shall, on the day on which he sues out his writ of garnishment, prepare and file all the allegations and interrogatories, in writing, with the clerk or justice issuing said writ upon which he may be desirous of obtaining the answer of such garnishee touching the goods and chattels, moneys, credits and effects of the said defendant, and the value thereof, in his hands and possession at the time of the service of said writ or at any time thereafter."

The allegations and interrogatories in this case bear the file mark of the clerk of December 28, 1896.   The circuit court in its judgment recites that "it further appearing to the court that on said 12th day of December, 1896, plaintiffs sued out a writ of garnishment, etc., and that on the same day plaintiffs prepared and filed herein with the clerk of this court their interrogatories and allegations in writing."

The file mark of the clerk shows they were filed on the 28th of December, more than ten days after the writ of garnishment was sued out, but the judgment of the court recites that it appears they were filed the 12th of December, the day on which the writ

of garnishment was issued. If the court's finding was correct, there was a full compliance in this behalf with the statute quoted above.

The question is, which must control, the file mark of the clerk or the recital in the court's judgment? There was no bill of exceptions in the case, and we are bound to presume that there was other evidence than the file mark which warranted the court's finding that the allegations and interrogatories were filed on the 12th of December, the day the writ of garnishment was issued. "Every act of a court of competent jurisdiction shall be presumed to be rightly done till the contrary appears." *Ex parte Woods*, 3 Ark. 532; *McKnight* v. *Smith*, 5 Ark. 409.

Judgment affirmed.