## STATE, USE OF THE STATE BANK VS. COLLINS, AD.

An affidavit, by an officer of a corporation, in the form prescribed by the statute, omitting the words: "that the sum demanded is justly due," is sufficient to authenticate a claim against the estate of a deceased person.

*Writ of Error to the Circuit Court of Pulaski County.*

Hon. WILLIAM H. FEILD, Circuit Judge.

S. H. HEMPSTEAD, for the plaintiff. The affidavit is a substantial compliance with the statute. When the debt is stated, and

the further fact that all credits are given, to say that "the amount demanded is justly due," is only stating a conclusion of law from facts already stated. *Digest*, 127.

Mr: Justice SCOTT delivered the opinion of the Court.

This was an action of debt, upon the official bond of Euclid L. Johnson, deceased, in which John Brown, and others were co-obligors, conditioned for the faithful performance of the duties of Bank Attorney. The declaration is in the usual form, setting out the bond, and conditions, and assigning ten specific breaches of the latter, in the receipt of divers sums of money on account of the Bank, and the failure to account for them to which is appended an affidavit, in the terms following, to wit:

"I, John M. Ross, Financial Receiver of the Bank of the State of Arkansas, do solemnly swear, that I have made diligent inquiry, and examination, and do verily believe that nothing has been paid to the Bank, towards the satisfaction of the sums mentioned in the foregoing declaration, and that the sum with which Euclid L. Johnson, late Bank Attorney, stands charged on the books of the bank, amounts to two thousand seven hundred and sixteen dollars and nine cents. ($2.716 9.)

JOHN M. ROSS,
*Financial Receiver.*

Sworn to, and subscribed before me, this 28th April, 1852.

J. A. HUTCHINGS, *J. P.*

At the return term of the writ, the defendant filed a motion for a judgment of non-suit, against the plaintiff, on the ground, that the affidavit was insufficient, specifying that the insufficiency consisted in the failure of the affiant to state, "That the sum demanded is justly due," and the court having allowed the motion, rendered a judgment of non-suit, from which the plaintiff below sued out a writ of error.

It is true, that the affidavit fails, to the extent of the words pointed out in the motion, to conform to the letter of the statute, in

which a form is prescribed for affidavits, when made by an officer of a corporation, that is declared, "shall be sufficient;" (*Digest, ch.* 4, *sec.* 91,) but this court said, in the case of *Beirne and Burnside vs. Imboden et al., admrs.,* 14 *Ark. R.* 244, where the whole subject is fully examined, that the form prescribed by the statute, was evidently but a general form applicable, in its precise terms, to debts at maturity, upon which there may be credits endorsed; and is, of course, to be often varied in its terms, so that the substance is preserved, to correspond with cases where the debt may not have matured; may have no credits; where the claim may sound in damages; (*Dig., p.* 125, *sec.* 80,) be uncertain in amount, for want of the settlement of complicated accounts, sought by proceedings in court to be settled; in which latter cases, the party could only swear to the best of his knowledge and belief, to some specified amount of damages, or balance due him." And we cannot doubt but that that view was correctly taken, and in the spirit of this construction of the statute, which as to the form of the affidavits required, was but directory—we think the affidavit in question was sufficient.

Let the judgment be reversed, and the cause remanded to be proceeded with.