Coots, Appellant, v. Morgan's Administrator, Respondent.

1. The fact that a demand against an intestate's estate is made out against the intestate himself instead of against his estate, or the administrator, will not justify a refusal to hear evidence in support of such demand.

2. No motion for a review or a new trial is necessary where a court improperly refuses to hear any evidence at all in support of a demand against an intestate's estate.

*Appeal from Bollinger Circuit Court.*

The following demand, properly verified, was presented to the county court of Bollinger for allowance against the estate of Albert G. Morgan, deceased, to-wit : " October 25, 1850. Albert G. Morgan, to John Coots, Dr.   To amount of cattle collected by him from James Smith, for the estate of William Morgan, deceased, $25 ; to amount collected by him from Larken Bennett, for the same estate, $10 ; total, $35." Snider, administrator of said A. G. Morgan, had been previously notified by plaintiff Coots that the above demand would be presented for allowance " against the estate" of the said Morgan. The county court having refused to allow the demand, an appeal was taken to the Circuit Court.   In the Circuit Court, as appears from the bill of exceptions, plaintiff presented said demand " and applied to introduce testimony to establish the same, but the court refused to permit him to do so, and entered up judgment against the plaintiff for costs."   This judgment was rendered at the September term, 1852.   At the March term, 1855, motions for a new trial and for a review were made and overruled.   Plaintiff appealed.

*Noell*, for appellant.

*Frissell*, for respondent.

I. There is no appeal in this case, for the reason that it was not taken within a year after the decision appealed from.   The motion for a new trial and review were too late, it being two years and a half after final judgment.

SCOTT, Judge, delivered the opinion of the court.

We always think it very strange, when a case is tried and decided in the court below, that it should not appear on what ground it was determined.   We can not find out from the record, nor do the counsel on either side in this court know the ground on which this cause went off in the court below.   If the evidence offered in support of the plaintiff's demand was re-

jected because his account was made out against "Albert G. Morgan" and not against his estate, or the defendant Martin Snider, the administrator of A. G. Morgan, deceased, we are of opinion that it was error. When an account is contracted with the deceased himself, it is usual to make it out against him by name, and this seems to be the correct way. Of course it must appear, when suit is brought on the account, that it is brought against his executor or administrator. This sufficiently appears in the cause before us. Whether A. G. Morgan was personally liable for the demand of the plaintiff would depend on the evidence. If A. G. Morgan employed the plaintiff to perform services for a dead man's estate, he is personally liable for them, unless the contract was so framed by the parties as to exclude his liability. As to the point that the motion for a new trial and for a review was not made for years after the judgment, we do not consider that this was a case in which, according to the present practice, any motion for a review or new trial was necessary. The court refused to hear any evidence, and gave judgment against the plaintiff for the costs. This was error, and the party was entitled to his writ of error on the record, as it appears that he excepted to the action of the court. Judge Ryland concurring, the judgment will be reversed and the cause remanded. Judge Leonard absent.