Mason, *Ad. v.* Bull, Ellis & Co.

Administration—*Authentication of Claims.*—Verification of claims against the estate of a deceased person, by one cognizant of the facts, under act of March 5, 1867, or by agent or attorney, under act of March 13, 1867, is sufficient—and these acts are not in conflict with each other.

Records—*Proof of.*—Parol evidence is admissible to prove the contents of a record, ancient or recent, *after* proof of its loss or destruction, satisfactory to the court.

*Appeal from Pope Circuit Court.*

Hon. William N. May, Circuit Judge.

*Clark & Williams,* for appellant.

The claim was not authenticated by affidavit, as required by

law, to authorize a judgment of allowance. *Lafferty Exr. v. Lafferty,* 10 Ark. 268; *Carnall v. Edmondson,* 17 Ark.284; *Bank of the State v. Henchcliffe,* 4 Ark. 444; *Burns & Burnside v. Imboden et al.* 15 Ark. 415; *Rogers et al.· v. Wilson et al.* 13 Ark. 507; *See act approved 13th July,* 1867, *pamphlet acts, page* 218; *Smith v. Dudley,* 3 Ark. 60; *McKnight v. Smith,* 5 Ark. 409; *Sedgwick on Stat. and Const. Laws,* 323; *Ex parte Bank of Monroe,* 7 Hill, 177; *Dwarris, p. 477; Sedgwick on Constitutional and Statutory Law,* 309–385; *Bartlett v. Morris,* 9 Porter (Ala.) 268, 269; *Agent of State Prison v. Lathrop,* 1 Mich. 438.

The claim was barred by the statute of non-claim, and it was competent for the administrator to show that fact by evidence. *1 Green'l. Ev. sec. 92; McCary v. Curtis,* 9 Wend. 17; *Commonwealth c. Norcross,* 9 Mass. 492; *Ellis v. Ellis,* 11 Mass. 92; *Rex v. Allison R. R.* 109.

*English, Gantt & English,* for appellees.

We submit that the affidavit authenticating the claim is substantially good. *Beirne et als. v. Imboden et als. ad* 14 Ark. 241–2. *State, use State Bank,* 16 Ark. 32.

There was no error in the exclusion by the court, of the evidence offered by Y. D. Sheppard, to prove by parol, matters of record. *Williams v. Bramel,* 4 Ark. 129, unless the record has been lost or destroyed. *Davis v. Pettie,* 6 Eng. 349; 1 *Greenl. Ev. sec.* 501–521.

WILSHIRE, C. J.

On the 16th day of July, 1867, Bull, Ellis & Co., presented to R. C. Mason, as the administrator of 'S. D. Lewis, deceased, a claim against said estate, based upon a promissory note, bearing date April 4, 1860, for the sum of $371 18, payable twelve months after date, with interest at eight per cent. after maturity. The claim was verified by the affidavit of one W.

D. Jacoway and presented to the administrator for allowance, who rejected the same.

The appellees, on the same day, presented the claim to the probate court of Pope county for allowance and classification. The probate court allowed the claim, and classed it as a fifth class claim against the estate of Lewis, deceased. The administrator appealed to the circuit court of that county, which affirmed the judgment of the probate court, and the administrator appealed to this court.

The first error complained of, is the ruling of the probate court in overruling the motion of the administrator to dismiss the claimant's action, because the claim was not authenticated by affidavit, as required by law. The affidavit is as follows:

"I, W. D. Jacoway, being duly sworn, do depose and say that, to the best of my knowledge and belief, nothing has been paid or delivered towards the satisfaction of the above demand except what is credited thereon, and that the sum of four hundred and forty-four dollars and thirty-one cents, above demanded, is justly due the firm of Bull, Ellis & Co."

The affidavit of Jacoway for the authentication of the claim is substantially that prescribed by section 102, chapter 41, Gould's Digest. That statute required the affidavit to be made by the claimant, but, by an act of the General Assembly, approved March 5, 1867, it is provided, "that the affidavit required in section 102, chapter 4, Gould's Digest, to authenticate demands exhibited for allowance against the estates of deceased persons, may be made by any person other than the claimant, who may be acquainted with the facts sworn to, and who is otherwise competent to give evidence in a court of justice; and such affidavit shall have the same force and effect as if made by the claimant." This statute is manifestly just, as it allows to persons who have claims against the estates of deceased persons, the right to establish their claims by the testimony of witnesses, cognizable of the facts, competent to testify in the courts, as well as the affidavit of the claimant. It is not unfrequently the case that the claimant is not as well ad-

vised of the facts in relation to his claim against the estate of
a deceased person, as some person who has no interest in it.

The act of the General Assembly, approved March 13, 1867,
authorizes the verification to be made by an agent or attorney
of the claimant, and prescribes the requisites of their affidavit.
This latter statute does not conflict with the act of March 5,
1867; one applies to cases where the claim is verified by the
affidavit of a person cognizable of the facts, and the other to
verification by an agent or attorney, as to his belief, after hav-
ing "made diligent inquiry and examination," etc. Both acts
were evidently intended to relax the vigor of the statute for-
merly existing in relation to the verification of such claims.

The second and only remaining error complained of here, as
presented by the record before us, is, that the appellant offered
to prove, by one Y. B. Sheppard, that he, the said Sheppard,
administered on the estate of S. D. Lewis, in the year 1864,
in the county of Sevier, and that he is still administrator of
said estate, and that he has not resigned his admistration nor
been removed as such; which testimony the probate court ex-
cluded.

The position assumed by Mason, the appellant, in the pro-
bate court, is remarkable, to say the least of it. It appears,
by the transcript of the record, that when the claim was pre-
sented to him for allowance, he indorsed his disallowance on
it, as the administrator of Lewis; he appeared in the probate
court and contested the claim; went into trial, as such admin-
istrator, and then attempted to show that he was not the ad-
ministrator, but that Y. B. Sheppard was.

The appellant made no attempt to show the loss or destruc-
tion of the record of the Sevier probate court appointing
Sheppard as administrator of Lewis, and the probate court of
Pope county very properly refused to allow him to introduce
parol testimony to prove a record that this court, from the
record before us, presume to be in existence.

This court held, in *Davies v. Pettit*, 11* *Ark.*, *859*, that a party
might be allowed to introduce parol evidence to prove the

contents of a record, either ancient or recent, after proof of its loss or destruction satisfactory to the court. But in the case at bar no such proof of loss or destruction was made, or attempted to be made, by the appellant, in the probate or circuit court.

Judgment affirmed.

Judges GREGG and HARRISON, dissenting say:

We concur with the majority upon the ruling of the court below, excluding the parol evidence offered, but we are of opinion that the affidavit of Jacoway, appended to the claim for probate, was not a compliance with the statute, and was not sufficient to entitle the claim to probate.