JUDG-E HARDIN
delivereb the opinion of the court.
This was an ordinary action under the provisions of the 437th section of the Civil Code of Practice for reviving *302 against the appellee, as the administrator of Burton Bryant, deceased, a judgment which in the life-time of said decedent the appellant had recovered against him.
Upon an affidavit of the defendant suggesting the failure of the plaintiff before instituting the suit to make a demand of his claim, accompanied with the affidavit required by law of claimants against the estates of deceased persons, a rule was laid on the plaintiff to show cause why the action should not be dismissed, as within the prohibition of section 473 of the Civil Code; and the rule having been sustained and the proceeding dismissed, the plaintiff has appealed to this court.
It being well settled that the provision of the Code prohibiting the bringing of ordinary actions against personal representatives without first making the required demand is imperative, the only questions to be considered in this case are, whether the judgment sought to be reversed is a demand within the meaning of the statute, and the proceeding to revive it a suit against the personal representative, as contemplated by the section of the Code of Practice referred to; and both of these questions must be determined in the affirmative.
As a claim evidenced by a judgment, like any other asserted demand, may be unjust, or have been paid, or be subject to set-offs or discounts, we perceive no reason for exempting it from the operation of the statute requiring claimants against decedents’ estates to verify their demands; nor do we think an action to revive a judgment already rendered less a suit than any other civil proceeding for the enforcement of a debt.
Wherefore the judgment is affirmed.