## WESLEY BERRY *v.* LYCHA HOPKINS, ADM'R.

**Executors and Administrators—Dismissal of Action.**

> Under § 437 of the Civ. Code, an action to revive a judgment against a personal representative of a deceased judgment debtor is an action contemplated by such section, and where the necessary affidavit and demand has not been made before suit was instituted, the petition may be dismissed.

**Executors and Administrators—Insufficiency of Assets.**

> If the assets of a decedent's estate are insufficient to pay decedent's debts, the administrator must resort to his equitable action authorized by Civ. Code, R. S., ch. 40, § 10.

### APPEAL FROM FLEMING CIRCUIT COURT.

February 25, 1873.

OPINION BY JUDGE LINDSAY:

An ordinary action under the provisions of the 437th section of the Civil Code to revive a judgment against a personal representative of a deceased judgment debtor is such a suit against a personal representative as is contemplated by the 437th section of the code, and as the necessary affidavit and demand had not been made before this suit was instituted the petition was properly dismissed as to Hopkins, administrator. *Curry's Adm'r v. Bryant's Adm'r,* 7 Bush 301.

Nor can appellant complain because it was dismissed as to the infant, Mary J. Hopkins. He had no right to have the judgment against his ancestor revived against her. The lands descending to her could not be sold even by a court of equity until the personal

assets of her mother's estate in the hands of the administrator had first been exhausted.

The petition inferentially but unmistakably shows that assets of some sort and to some amount did come to his hands. If they are insufficient to pay appellant's debt, he must resort to his equitable action as authorized by Sections 465 and 466 of the Civil Code, Section 10, Chapter 40, Revised Statutes. A common law court will not aid him in subjecting the lands of the heir whilst there is personal estate in the hands of the administrator still being administered.

The judgment dismissing appellant's petition does not constitute a bar to future proceedings, although it does not state in terms that the dismissal was without prejudice.

It is apparent upon the face of the order that the cause was not heard upon its merits.

Judgment *affirmed.*

*J. W. Anderson, for appellant.*

*T. L. Given, for appellee.*