CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The order of attachment sued out by appellees was placed in the hands of the sheriff, and that fact indorsed on it by him on the 3d day of August, 1860, but the attorney who delivered it to the officer instructed him that he was not to levy it until he (the attorney) told him so to do. Appellants’ mortgage was duly executed, acknowledged, and lodged for record on the 4th day of October, 1860, and two days thereafter the order of attachment Avas levied on the mortgaged property. The question here involved is, whether the attachment or mortgage lien is superior?
Section 233, Myers’s CíaúI Code of Practice, provided, that “An order of attachment binds the defendant’s property in the county in which it might be seized under an execution against him from the time of the delivery of the order to the sheriff, in the same manner as an execution would bind it; and the lien of the plaintiff is completed upon any property or demand of the defendant by executing the order upon it in the manner directed in this article.”
“ A writ of fieri facias shall bind the estate of the defendant only from the time the same is delivered to the proper officer to execute.” (Sec. 1, art. 3, chap. 36, Rev. Stat., and .sec. 1, art. 2, chap. 38, Gen. Stat.)
In this case the order of attachment was not delivered to *627 the sheriff to execute on the 3d day of August, and the record before us does not show that he was required, or even expected, to execute it until the 6th of October, two days subsequent to the creation of the mortgage lien; and until it did become his duty to execute it the estate of the defendant was not bound.
"We will not inquire whether the appellants were or not prejudiced by the instructions to the sheriff. It is sufficient that during the time he was acting under them the order of attachment did not bind the mortgaged property, and that the mortgage became effectual before the attachment was made operative by the withdrawal of the instructions. Nor can the consequences thus brought about be escaped because the attorney gave the instructions without express authority from his client. According to his own account of the transaction, he was acting in the interest of his client. He was not certain that the grounds of the attachment could be sustained. He merely suspected the defendant of intending to make a fraudulent disposition of his property, and delayed the levy in order to satisfy himself that his suspicions were well founded, and thus protect his client against complications-that might follow in case the defendant should contest the propriety and legality of its issuance. We can not say the attorney exceeded his implied powers in the management of his- client’s cause.
We are of opinion that the lien of the mortgagee is superior to that of the attaching creditor, and therefore must reverse the judgment of the court below, and remand the cause for a judgment conforming to this opinion.