H. GRAY'S EXRS. ET AL. *v.* WM. M. PATTON'S ADMR. ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—393.]

**Revivor of Action and Judgment.**
> The proceeding to revive an action is by order of court or on motion, and the proceeding to revive a judgment is by rule and by action under the code.

**Recovery of Money Paid on Erroneous Judgment.**
> Where there is an appeal from a judgment decreeing plaintiff's lien as prior to that of a defendant, and during the pendency of the appeal the receiver of the property pays money to such plaintiff in accordance to the judgment and the judgment is reversed on appeal and the lien of the defendant held prior, the defendant may file his cross-bill for restitution of the money so paid under an erroneous judgment, and for revivor, when the plaintiff has died and an administrator has been appointed; and a demurrer will not lie to the bill because it does not show how much was collected by the decedent or his representative.

APPEAL FROM BOYD CIRCUIT COURT.

November 12, 1881.

OPINION BY JUDGE HINES:

Upon a former appeal, this court decided that the appellants'

mortgage lien was prior to the lien of appellees under their attachment, and reversed the cause with directions to render a judgment conforming to this opinion. *Gray's Admr. v. Patton's Admr.,* 13 Bush (Ky.) 625.

After the judgment was rendered in the court below, giving appellees the priority, and before its reversal, Wm. M. Patton received, according to the receiver's report, a considerable sum which arose from the sale of the mortgaged property, the priority to which was determined in this court as stated. He subsequently died, and the appellee, Geo. B. Patton, was appointed administrator of his estate, and the cause was regularly revived against him before the reversal of said judgment.

On the return of the cause the appellants had it redocketed, and filed their affidavit, reciting, in substance, what had been said with reference to the appeal and reversal, and asking for a rule against the administrator, Geo. B. Patton, whom they alleged had collected a portion of the proceeds of the mortgaged property, but how much they could not state, because the receiver had not made a full report, and asked a rule, which was awarded against said administrator, to show cause why he should not make restitution of the money which the receiver had paid to him out of that arising from sales of the mortgaged property.

On motion of the administrator, Patton, the rule was quashed and appellant excepted, and then filed a supplemental answer and cross-petition alleging the receipt by Wm. M. Patton in his lifetime, and by his administrator after his death, of part of the money produced by the sale of the mortgaged property under the erroneous judgment before its reversal, and praying that the administrator be compelled to disclose the amount he had received.

No demand having been made of the administrator on his motion the pleading was dismissed for that cause, and appellants excepted and have appealed from that judgment and the order discharging their rule. No demand was necessary, as the parties were before the court when the cause of action arose out of the state of facts over which the chancellor has complete jurisdiction and power to grant and enforce relief in behalf of those interested. The proceeds of the mortgaged property is in the custody of the law and under the chancellor's control. *Kane v. Pilcher,* 7 B. Mon. (Ky.) 651.

The revivor of an action and the revivor of a judgment are procured by different modes of proceedings. In the former the proceeding is by order of court or on motion; in the latter it is by rule, and possibly by action under the new code and certainly by action under the old code.

In the case cited of *Curry's Admr. v. Bryant's Admr.,* 7 Bush (Ky.) 301, an ordinary action was brought to revive a judgment, and therefore a demand was held to be necessary; but in the case before us the action has long since been revived, and the rule sought is for the purpose of compelling the administrator to do what any other litigant who obtains money pending the action under an erroneous judgment, which is reversed, would be compelled to do. As to the sum, if any, received by his intestate, an affidavit purging the claim which was made is all that is required from the appellants. *Matthews v. Jones' Admr.,* 2 Met. (Ky.) 254. Therefore, the reason upon which the rule was discharged, and the supplemental answer and cross-petition dismissed, was insufficient.

In the cases of *Kane v. Pilcher,* 7 B. Mon. (Ky.) 651, and *Gregory v. Litsey,* 9 B. Mon. (Ky.) 43, 48 Am. Dec. 415, this court held, in the first, that even after the action is out of court the chancellor has power to place the parties in the possession of money or property of which they have been deprived by his antecedent action in the case between them; and decided in both that a rule was a proper and efficient remedy to accomplish the end.

In the case of *Madison's Exrs. v. Wallace's Exrs.,* 2 Dana (Ky.) 61, it was decided that a cross-bill filed after a reversal and return of the cause, for restitution of money paid under an erroneous judgment, and for revivor, was an appropriate mode of proceeding. and that a demurrer would not lie to it because it did not show how much was collected by the decedent, or his representative or heir.

These authorities meet all the objections made by appellees to the mode and the substance of the proceedings adopted by appellants, to obtain restitution which they are entitled to, unless it be necessary to place it in the hands of the receiver for the purpose of distribution between creditors whose claims are superior or equal to those of appellants, or the appellees have some sufficient legal or equitable defense to restitution, which has arisen since the receipt of the money by the administrator or his

intestate; but no defenses that were or might have been pleaded before the rendition of the erroneous judgment can be relied on to avoid the restitution.

Although the proceedings adopted by appellants were both appropriate, and the court erred in dismissing either, yet they must on the return of the cause elect which one they will prosecute, and abandon the other. It would be well, however, to require the receiver to report the amount of money received by him, when and to whom he has paid it, and in what sums, in order that the chancellor may be informed as to the extent of the restitution, should it appear that any ought to be made. It being the duty of the chancellor to know or ascertain the condition of the funds under his control, the report of the receiver should not delay appellants in their proceedings for restitution, as it is the appellees' duty to disclose what may have come to their hands when asked to do so by rule or a proper bill.

Wherefore the judgments are *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*E. F. Dulin, William Lindsay, for appellants.*

*K. F. Pritchard, A. Duvall, for appellees.*