thing touching the administration of the estate of the said *Bean*, and from all contracts or engagements entered into between the plaintiff and the said *Thomas*, touching the debts due the said estate, and from all interest, claim and demand, which he had on or in the debts due the said estate, or any of them. Which said two papers were proved to have been duly executed and delivered by the said *Thomas* to the plaintiff. The plaintiff, before the offering the said two papers, objected to the court's receiving any evidence of the declarations of the said *Thomas*, to disqualify him from being sworn in this cause as a witness; but the county court (*Potts*, Ch. J.) overruled the plaintiff's objection, and on all the evidence determined the said *Thomas* to be an interested witness, and refused to suffer him to be sworn to the jury. The plaintiff excepted; and the verdict and judgment being for the defendant, this appeal was prosecuted.

THE GENERAL COURT *affirmed* the judgment of the County Court. The appellant appealed to the Court of Appeals, and the judgment of affirmance was *affirmed* in that court at November term 1803.

*Shaaff*, for Appellant.
*Mason*, for Appellee.

## GENERAL COURT, MAY TERM, 1801.

### SMOOT's Adm'r. *vs.* BUNBURY's Ex'r.

A probate of an account under the act of 1729, ch. 20, omitting to state that the creditor had not received "*any security*" for his debt, is not evidence under that act

APPEAL from Charles county court from a judgment in favour of the defendant, the present appellee. It was an action of *assumpsit* for *sundry articles* properly chargeable in account. The account exhibited commenced the 15th of February 1785, and ended the 25th of April 1786. General issue pleaded.

The plaintiff, to prove the issue on his part, offered in evidence to the jury, the book of accounts of his intestate, containing an account against the defendant's testator, stated in page 31, and which said

book of accounts, in page 55, contained the following probate, made by and in the hand writing of the plaintiff's intestate, except the signature of the justice, viz: "Charles county, ss. August 27, 1785. Then came *Edward Smoot* before me, one of the justices of the peace for the said county, and made oath on the Holy Evangely of Almighty God, that all the accounts contained in this book, from page one to page fifty-five. are just and true, as they are and stand stated, and that he hath not directly or indirectly, to the best of his knowledge, received any part, parcel, or satisfaction for the same, more than the several credits therein given(*a*).

*B. Fendall.*"

To which book of accounts and probate the defendant objected as not being competent evidence to the jury; and the county court (*Stone,* Ch. J.) sustained the objection. The plaintiff excepted, and the verdict and judgment being for the defendant, this appeal was prosecuted.

*T. Buchanan,* for the Appellant.
*J. Campbell* and *W. Dorsey,* for the Appellee.

THE GENERAL COURT *affirmed* the judgment of the County Court.

(*a*) The act of July 1729, *ch.* 20, *s.* 9, directs, that an account of money, &c. or other thing properly chargeable in account, which shall arise due, and shall be sworn by the creditor, "to be "just and true, and that he or she hath not, directly or indirectly, "received (to his or her knowledge,) any part or parcel of the "money, tobacco or other goods, charged as due by such ac-"count, or *any security*, or satisfaction for the same, more than "credit shall be given for," shall be received as good evidence in any court, &c.

## GENERAL COURT, MAY TERM, 1801.

### DARNALL *vs.* HARRISON.

THIS cause was standing under notice of trial, issue being joined, and a rule laid, at the present term, on the defendant to employ new counsel, his ed on him, the court will enter judgment against him if he does not appear in person, or by attorney, though the rule be laid at the same term.

If a cause be under notice of trial, and the defendant under a rule to employ new counsel, and a copy of such rule be served.