SUPREME COURT OF MISSOURI.

MAY TERM,
1838.

Dorsey
v.
D. Burns, admr.
of M. Burns.

R. S. Dorsey v. D. Burns, admr. of M. Burns.

A person having a claim against the estate of a decedent, and wishing to give legal notice to the administrator of such claim, must state in his notice its nature, whether he claims in his own right or by right of his wife, &c.

*Cole*, counsel for appellant.

*Brickey*, counsel for appellee.

McGirk, Judge, delivered the opinion of the court.

Dorsey gave notice to the administrator that he would apply to the county court of Perry county, for a distributive share of the estate of Burns, deceased. His notice, nor does any thing else, show how he claimed to be entitled. When the county court held its term thereafter, the majority of the court being akin to the parties, the cause was certified to the circuit court of said county for adjudication at the first term of the circuit court. The parties, by their attorneys, appeared and agreed that the cause should be continued to the next term, and that it should then be tried. When the term came, the parties again appeared, and Burns, the administrator, suggested to the court, that Dorsey claimed in right of his wife, and that she was, since the last continuance, dead, and that, therefore, Dorsey now had no right to any distribution. Burns offered no proof of the matter suggested, whereupon the court dismissed his case. To reverse this dismissal, the cause is brought here.

Mr. Cole, for the plaintiff, insists the dismissal was wrong for want of proof. There can be no doubt that if the matter of the suggestion could be of any value, it should have been proved before the court could act on it. He also contends that the argument was to go to trial, and that means a trial on the merits. This is not my opinion. This was a trial within the meaning of the argument. But Mr. Brickey, for defendant in error, insists that, although the court may have done wrong in dismissing the cause for the reason stated in the suggestion, it being unproved, yet the judgment is for the right party, and ought to stand, and to show it is so, the counsel insists that Dorsey's notice of his title is wholly insufficient, because his right is not shown; to support this he cites the Revised Code, p. 60. I have no hesitation in saying that the notice is not good. It is a general rule that every one who claims any thing in a court of law.

must state his case in such manner that the court can see, supposing his case true, he has a right to its assistance.

In this case, that has not been done, and if the case were sent back, nothing could be made of it. The judgment then, in the whole matter, is for the right party, and the other judges concurring herein, the same is affirmed with costs.