Wheeler, J.
The objection to the non-joinder of the legal representatives of the deceased joint payee, if it be a valid objection, is answered by the averment of the petition, that the survivor who sues is tlie sole owner of the cause of action.
But the ground mainly relied on in support of the exceptions to the petition is, tiiat from tlie averments thereof it does not appear that the claim ivas duly presented to tlie administratrix for her approval; and in support of this ground it is insisted — -1st, that the affidavit was not made by the proper person — having been made by the attorney, when it should have been made by liis principal; and, 2d, that it does not sufficiently describe tlie claim presented, in that it does not refer to or describe the new promises relied on to take tlie case out of the operation of the statute of limitations.
To (.lie first objection to the affidavit it is a sufficient answer, that (he statute does not require the affidavit to be marie by the owner of the demand. (Hart. Dig., art. 1158.) An affidavit made by the agent or attorney who is conversant with the facts will bo a sufficient compliance with tlie statute in tills respect. On principle, the person who makes (he affidavit should be either (lie owner of the claim or some one acting for him, who is conversant with the facts; for tlie making of tlie affidavit presupposes a competent knowledge of tlie facts respecting which the party is required to make oath. But tlie agent may be equally well informed as the principal, and may have less inducement from interest to swerve from tlie truth. And where it is not objected that ho did not possess a competent knowledge of t-lie facts, we see no objection to liis making the affidavit. If the administratrix had rejected the claim on the ground that tile affidavit was not made by the proper party, and that it did not disclose tlie *115 means of information possessed by the attorney, there would be more plausibility in the objection now urged. But she rejected the claim upon an entirely different ground, viz, that the debt had been fully paid — showing that the claim was'not rejected in consequence of the making of the affidavit by the attorney, nor in consequence of its not disclosing' the means of information possessed by him. We do not think the objection in this respect well taken; nor do we think it necessary that the affidavit should have described or specially referred to the new promises. It is alleged in the petition that they, together with the note, mortgage, and affidavit, were presented to the administratrix. She was therefore apprised that the claim was a subsisting legal demand against the estate, and this was sufficient.
Note 32. — Crosby v. McWillie et al, 11 T., 94; McIntosh v. Greenwood, 15 T., 110; Shelton v. Berry, 19 T., 154; Walters v. Prestídge, 30 T., G5.
Note 33. — The statute is imperative. (Converse v. Sorley, 39 T., 528.)
If any legal effect were given to the affidavit as proof, or if it imposed on tiie administratrix any legal obligation to admit the claim, greater strictness might be required. But its only effect is to make it optional with the administrator to allow or reject the claim. Without it, he could not, under the statute, legally allow the claim; with it, he may allow or reject, at his own discretion and according to his own sense of justice.
In the present instance, the administratrix has stated the ground on which she refused to allow the claim, which was, not that the affidavit was not made by the proper party, or that the claim was not duly presented, but a very different reason was assigned. It is manifest that the objection now taken to the presentation of the claim bad an influence in causing its rejection. If the objections to the manner in which the claim was presented were, in our opinion, well taken, it may well be doubted whether they should have any other effect than to impose costs on the plaintiff. But we are of opiniou that the objections are not well taken, and that the court erred in sustaining the exceptions to the petition; for which the j udgment must be reversed, and the cause remanded for further proceedings.
Judgment reversed.