Wheeler, J.
The item of eleven dollar’s and forty cents embraced in the plaintiff’s account appears to have been barred by the statute of limitations; and as to that, the demurrer to the petition ought to have been sustained. There was, however, remaining an amount within the jurisdiction of the court, and, consequently, sufficient to enable the plaintiff to maintain his action.
I't is objected that the affidavit accompanying the account presented to (lie administrator for Lis approval was not signed by the affiant. It was a writing in the terms of the statute, and attested' and signed by a justice of the peace "of the proper county, and this was sufficient. The statute does not require that it be signed by the affiant. (Hart. Dig., art. 1158.)
There was no error in overruling the demurrer to the petition. But there manifestly was error in sustaining'the demurrer to the plea, which asserted a right of property and possession of the negro in the defendants. For the purpose of considering the legal sufficiency of the plea upon the demurrer, it was to be taken as true; and if true in fact, that it constituted a good dofensodu law cannot admit of a question. It is no answer to this objection to the judgment of the court that at the trial the defendants offered no evidence of title in their intestate. We cannot assume that they would not have adduced satisfactory evidence of the truth of their plea if they had not been virtually precluded from doing so by the ruling of the court upon the demurrer.
Because, therefore, the court erred in its judgment sustaining exceptions to the defendants’ xffeas, the judgment must be reversed, and cause remanded for further proceedings.
Judgment reversed.