JAMES C. McINTOSH v. T. C. GREENWOOD, ADM'R.

It is not essential to the due presentation of a claim, to an administrator, for allowance, under Article 1158 of the Digest, that the affidavit accompanying the claim be made by the owner. (The affidavit was made by the attorney of the owner, and the rejection was in general terms.)

Suit on a judgment of another State; demurrer and general denial; case submitted to the Court, without a jury; judgment for the defendant; statement of facts showing that the transcript of the judgment was the only evidence before the Court: this Court reversed the judgment, and rendered judgment for the plaintiff.

Appeal from Guadalupe. Suit by the appellant against T. C. Greenwood, administrator of M. W. Lindsey, and another, on a judgment recovered in the State of Tennessee, May 14, 1854. The judgment was authenticated by the affidavit of the attorney who had conducted the suit for the plaintiff in Tennessee. It was rejected by the administrator in general terms. The transcript, with the affidavit, &c., endorsed, was made a part of the petition. Greenwood demurred on the ground that the claim had not been duly authenticated. Both defendants pleaded a general denial. A jury was waived. The Court gave judgment against the plaintiff in favor of Greenwood, and in favor of the plaintiff against the other defendant. The plaintiff appealed. There was a statement of facts which showed that there was no evidence before the Court below, except the transcript of the judgment, with the endorsements. The judgment had been regularly obtained.

*J. Ireland,* for appellant.

*T. C. Greenwood,* for appellee.

WHEELER, J. It is not essential to the due presentation of a claim, to an administrator for allowance, under Article 1158 of the Digest, that the affidavit accompanying the claim be made by the owner. (Hansell v. Gregg, 7 Tex. R. 223.)

The Court manifestly erred in rejecting the claim and giving judgment for the defendant, merely because the affidavit was not made by the party but by an attorney. The judgment must therefore be reversed ; and as a jury was waived and the case submitted to the Court, this Court will render such judgment as the Court below ought to have rendered. Had there been any plea, under which the defendant could have introduced evidence to impeach the judgment, or show any payment or other matter of defence, it would be proper to remand the case for the purpose of affording him that opportunity. But as it is manifest that no evidence could have been introduced to affect the plaintiff's right to a recovery, it is unnecessary to remand the case.

The judgment will be reversed, and such judgment be here rendered as the Court below ought to have rendered.

Reversed and re-formed.