### MACOLETA, Executor, *v.* PACKARD, Administrator.

The legal rate of interest in California, under the Mexican law, was six per cent. per annum.

Hence, where, on "a verdict for the full sum claimed, with interest and costs," judgment is rendered for a sum equal to the principal, with interest at ten per cent. per annum from the time the money was due, the judgment itself to draw like interest until paid, it is error.

The verdict did not authorize the judgment. The jury should have found the interest.

Macoleta *v.* Packard.

It seems, that the affidavit to a claim against an estate, must be made by the claimant in person, and not by his Attorney in fact.

APPEAL from the Second District.

*Eugene Liés,* for Appellant.

*E. W. F. Sloan,* for Respondent, cited : 10 Cal. 386.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This case was tried by a jury, who found "a verdict for the plaintiff for the full sum claimed, with interest and costs of suit." The Court rendered judgment for a sum equal to the principal sum and interest at ten per cent. per annum, from the 12th of April, 1849, to the time of judgment; the whole amount of principal and interest added together, to bear interest at ten per cent. per annum until payment.

Suit was brought to recover for an invoice of goods shipped or sent to the defendant's intestate, by the plaintiff's testator, and to be sold on commission.

The verdict did not authorize the judgment. The jury should have found the interest. This contract was made before the passage of our statute on the subject of interest, and is regulated by the Mexican law obtaining in 1849, or before that time, if the defendant's intestate was in default before, in paying over his money to the principal. In *Smith* v. *Fowler,* (2 Cal. 568,) it is said : " By the Spanish law, there is established two kinds of interest : 1st, legal interest, which is the rate fixed by law and attaching to contracts, where the parties have not agreed upon a rate ; and, 2d, conventional or customary interest, which is the rate general or usual by custom at a given time, or a given place, and which may be greater or less than legal interest." The legal rate of interest in California or Mexico, was not, we believe, ten per cent., but only six, and it does not appear from the finding that any contract was made by the parties, in respect to interest. We do not see, therefore, upon what principle the Court gave judgment for the plaintiff at the rate of *ten per cent.* per annum. This seems neither authorized by the verdict nor the law.

We must, therefore, reverse the case for this error appearing upon the face of the record.

It is, therefore, unnecessary to consider the other points made by the Appellant. He contends, however, that the plaintiff's claim is fatally defective, because not verified. It seems that the claim is not verified by the affidavit of the claimant, but of one Danglada, who styles himself the Attorney in fact of the plaintiff, who resides out of the State. But the statute seems to make no exception in such cases. It says: (Wood's Digest, 404, Sec. 131,) "Every claim presented to the administrator shall be supported by the *affidavit of the claimant* that the amount is justly due," etc. The reason for requiring the affidavit to be made by the claimant, probably was, because he was presumed to know better than any one else as to payments, offsets, the justice of the debt, etc.

The pleading of defendant, however, does not seem to present this defense, the complaint averring the presentation, and this averment not being distinctly denied. The defendant, however, may amend his answer on the return of the cause.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.