(Before the Hon. E. H. ENGLISH, C. J., and Hon. H. F. FAIRCHILD, J.)

---

### MAHAN VS. OWEN AD.

The affidavit to a claim against the estate of a deceased person need not be signed by the affiant. (*Gill vs. Ward*, 22 *Ark.*)

Where neither the certificate, the caption nor the body of the transcript of a decree shows what court rendered the decree, it is no evidence.

*Appeal from White Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

JORDAN, for the appellant.

B. D. TURNER, for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Mahan presented to the probate court of White county, for allowance against the estate of John Owen, deceased, a tran-

script of what purported to be a decree of some court, in favor of Mahan, against Owen, for a sum of money.

Mary A. Owen, the administratrix of John Owen, contested the claim, it was disallowed, and on appeal by Mahan to the circuit court, the judgment of the probate court was affirmed.

It seems that the probate court rejected the demand, because the affidavit was not subscribed by Mahan, and the transcript was not properly authenticated.

The first objection was not well taken, as held in *Gill et al. vs. Ward et al. 22 Ark.*

Passing over the informality of the certificate of authentication, attached to the transcript of the decree, in other respects, neither the certificate, the caption, nor the body of the transcript, shows what court rendered the decree.

For this cause the transcript was properly excluded, and the claim disallowed.

Judgment affirmed.