ESTATE OF JEAN CLAUDE LE CLERC, DECEASED.

[No. 961; decided February 5, 1887.]

Claim Against Estate—Presentation and Adjudication.—After presentation and allowance by the administratrix, and approval by the judge, a claim in this case was, upon order. to show cause, ordered paid. The administratrix contested this order upon the ground that since the allowance of the claim judgment had been recovered against her by a third person for part of the claim. The claim not having been paid, a second application for an order for its payment was made. The administratrix contested this application and alleged that since the first order she had paid the judgment before mentioned, and she sought to set up this payment as a counter-claim. It was held that the former order covered the subject matter of the claim, was a full and final determination thereof, and a bar to the application to allow the setoff.

Dunne & Morbio, for Le Maitre.

Edward C. Harrison, for the administratrix.

**STATEMENT OF CLAIMS AGAINST ESTATES OF DECEDENTS.**

Form and Requisites of Statement.

General Requisites of Statement.—The law does not prescribe any special form in which claims against the estate of a decedent must be stated. A statement is sufficient, without any particular formality, which will distinguish the claim from other similar claims, and inform the executor or administrator and the probate judge of the nature and the amount of the claim so as to enable them to act and pass advisedly upon it. The facts on which the claim is founded may be stated in general terms; and while they should be stated clearly, distinctly and concisely, they need not be recited with the precision and particularity of a complaint: McGrath v. Carroll, 110 Cal. 79, 42 Pac. 466; Pollitz v. Wickersham, 150 Cal. 238, 88 Pac. 911; Appeal of Mead, 46 Conn. 417; Henderson v. Ilsley, 19 Miss. (11 Smedes & M.) 9, 49 Am. Dec. 41; Lenk Wine Co. v. Caspari, 11 Mo. App. 382; Walker v. Gay's Estate, 73 Mo. App. 89; Douglass v. Folsom, 21 Nev. 441, 33 Pac. 660; Kirman v. Powning, 25 Nev. 378, 60 Pac. 834, 61 Pac. 1090; Little v. Little, 36 N. H. 224; Goltra v. Penland, 42 Or. 18, 69 Pac. 925; Trigg v. Moore, 10 Tex. 197. Other cases supporting these rules are Halfman's Exr. v. Ellison, 51 Ala. 543; Appeal of Merwin, 72 Conn. 167, 43 Atl. 1055; Hannum v. Curtis, 13 Ind. 206; Noble v. McGinnis, 55 Ind. 528; Stapp v. Messeke, 94 Ind. 423; Culver v. Yundt, 112 Ind. 401, 14 N. E. 91; Thomas v. Merry, 113 Ind. 83, 15 N. E. 244; Worley v. Hineman

(Ind. App.), 29 N. E. 570; Pickrell v. Hiatt, 81 Iowa, 537, 46 N. W. 1062; Hayner v. Trot, 46 Kan. 70, 26 Pac. 415; Schlee v. Darrow's Estate, 65 Mich. 362, 32 N. W. 717; Coots v. Morgan's Admr., 24 Mo. 522; State v. Seehorn, 139 Mo. 582, 39 S. W. 809; In re Weeks, 23 App. Div. 151, 48 N. Y. Supp. 908; Hansell v. Gregg, 7 Tex. 223.

Nevertheless, the law requires that claims be stated and described with such fullness and certainty as to apprise the personal representative of the decedent and the probate court of the facts involved, to the end that they may properly discharge their trust and defend the estate against unjust demands: Floyd v. Clayton, 67 Ala. 265; McGrath v. Carroll, 110 Cal. 79, 42 Pac. 466; Carter v. Pierce, 114 Ill. App. 589; Dorsey v. Burns, 5 Mo. 334; Corson v. Waller, 104 Mo. App. 621, 78 S. W. 656. It is said that the statement should so describe the claim that it may be distinguished from all similar claims: Bibb v. Mitchell, 58 Ala. 657. In Connecticut there is a rule requiring, in case of appeal from the proceedings of commissioners on estates in passing upon claims, "a statement of the amount and nature of the claim, and of the facts on which it is based," to be filed. Under this rule it has been held that a simple statement of a claim as an indebtedness, "To cash, $1,700," is in proper form: Appeal of Corr, 62 Conn. 403, 26 Atl. 478.

The rule prevailing in Indiana is, that the statute does not require a regular complaint constructed according to the ordinary rules of pleading, but merely a succinct statement sufficient to advise the executor or administrator of the nature of the claim and the amount demanded, and sufficient also to bar another action on the same demand: Crabb v. Atwood, 10 Ind. 322; Thompson v. Ristine, 13 Ind. 459; Post v. Pedrick, 52 Ind. 490. The creditor is required to file only a succinct and definite statement of his claim, embracing therein those facts essential to make a prima facie showing of a subsisting indebtedness against the estate. But such a showing, at least, he must make. He must set forth such facts as are essential to constitute a prima facie claim, such as prima facie show the estate lawfully indebted to him: Huston v. First Nat. Bank, 85 Ind. 21; Moore v. Stephens, 97 Ind. 271; Walker v. Heller, 104 Ind. 327, 3 N. E. 114; Culver v. Yundt, 112 Ind. 401, 14 N. E. 91; Thomas v. Merry, 113 Ind. 83, 15 N. E. 244; Lockwood v. Robbins, 125 Ind. 398, 25 N. E. 455; Stanley's Estate v. Pence, 160 Ind. 636, 66 N. E. 51, 67 N. E. 441; Taggart v. Tevanny, 1 Ind. App. 339, 27 N. E. 511; Cooper v. Griffin, 13 Ind. App. 212, 40 N. E. 710.

Indefiniteness and uncertainty in the statement of a claim may be aided by the accompanying affidavit: Stewart v. Small, 11 Ind. App. 100, 38 N. E. 826; Hyatt v. Bonham, 19 Ind. App. 256, 49 N. E. 361.

**Necessity of Following Rules of Pleading.**—The law does not contemplate that the technical rules of pleading shall be observed in stating claims against estates of decedents. No formal complaint

or pleadings are necessary. It is enough that the requirements stated in preceding paragraphs are observed: Flinn v. Shackleford, 42 Ala. 202; Floyd v. Clayton, 67 Ala. 265; Stewart v. Cantrall, 6 Blackf. 74; Hannum v. Curtis, 13 Ind. 206; Ginn v. Collins, 43 Ind. 271; Wright v. Jordan, 71 Ind. 1; Davis v. Huston, 84 Ind. 272; Hileman v. Hileman, 85 Ind. 1; Davis v. Watts, 90 Ind. 372; Stapp v. Messeke, 94 Ind. 423; Windell v. Hudson, 102 Ind. 521, 2 N. E. 303; Stricker v. Barnes, 122 Ind. 348, 23 N. E. 263; Wolfe v. Wilsey, 2 Ind. App. 549, 28 N. E. 1004; Brown v. Sullivan, 3 Ind. App. 211, 29 N. E. 453; Sheeks v. Fillion, 3 Ind. App. 262, 29 N. E. 786; Doan v. Dow, 8 Ind. App. 324, 35 N. E. 709; Parrett v. Palmer, 8 Ind. App. 356, 52 Am. St. Rep. 479, 35 N. E. 713; Cooper v. Griffin, 13 Ind. App. 212, 40 N. E. 710; Gibbs v. Ely, 13 Ind. App. 130, 41 N. E. 351; Thornburg v. Buck, 13 Ind. App. 446, 41 N. E. 85; Woods v. Matlock, 19 Ind. App. 364, 48 N. E. 384; Hyatt v. Bonham, 19 Ind. App. 256, 49 N. E. 361; Walker v. Gay's Estate, 73 Mo. App. 89; Monumental Bronze Co. v. Doty, 99 Mo. App. 195, 73 S. W. 234, 78 S. W. 850; Fitzgerald's Estate v. Union Sav. Bank, 65 Neb. 97, 90 N. W. 994. It has been said that statements of claims in probate courts are on a footing with complaints in causes originating before justices of the peace: Taggart v. Tevanny, 1 Ind. App. 339, 27 N. E. 511; Knight v. Knight, 6 Ind. App. 268, 33 N. E. 456.

A claimant need not aver in what capacity, whether as a corporation, a partnership, or person, it acts in presenting the claim, as is required by statute of Iowa in ordinary actions, at least not unless objection is made by motion: University of Chicago v. Emmert, 108 Iowa, 500, 79 N. W. 285.

Necessity of Writing.—Administration statutes contemplate that claims against the estate of a decedent shall be presented in writing, and have a tangible form and substance which will enable the executor or administrator to act intelligently upon them. A mere verbal statement of a claim does not satisfy the requirements of the law: Millett v. Millett, 72 Me. 117; Williams v. Gerber, 75 Mo. App. 18; King v. Todd, 27 Abb. (N. C.) 149, 15 N. Y. Supp. 156; In re Morton's Estate, 7 Misc. Rep. 343, 28 N. Y. Supp. 82. Although the statutes may not positively demand that claims shall be put in writing, nevertheless there obviously is no other proper manner for placing them before the personal representative of the decedent and the probate judge: Pike v. Thorp, 44 Conn. 450.

Itemizing Accounts.—It is said that an executor may allow a claim against the estate which he is satisfied is just if found to be correct, although it is not made out in an itemized form: Lancaster v. Gould, 46 Ind. 397; Kinnan v. Wight, 39 N. J. Eq. 501. And an account stated may be presented without specifying the items: Estate of Swain, 67 Cal. 637, 8 Pac. 497. Yet it has been affirmed that a claim based upon an account should give the items in detail, and not simply a statement of the balance: Roethlisberger v. Caspari, 12 Mo. App.

514; and that in case of an open account, the items composing it, with the respective dates and amounts, should be stated: McHugh v. Dowd's Estate, 86 Mich. 412, 49 N. W. 216. A statement in a plain and formal manner of the items of an account, duly verified, is sufficient: Dodds v. Dodds, 57 Ind. 293; Ramsey v. Fouts, 67 Ind. 78. A demand consisting of several items must be presented in its entirety for allowance, and not piece-meal: Pfeiffer v. Suss, 73 Mo. 245. But if one item is well stated, the complaint is not demurrable because of the insufficiency of other items of the claim: Sheeks v. Fillion, 3 Ind. App. 262, 29 N. E. 786.

Stating Claims for Services.—A statement for work and labor which sets forth that the services were rendered, by whom and for whom rendered, the nature, extent and value of the services, together with an affidavit that the amount stated is justly due and owing is sufficient: Taggart v. Tevanny, 1 Ind. App. 339, 27 N. E. 511; Wood v. Land, 35 Mo. App. 381. A claim presented for services rendered, stating the number of days' service in each month, the total for each year, and the grand total for all, with the wages per day, stating the full amount, and then crediting the amounts received on account during each year, leaving a certain balance, is sufficient: Ducan v. Thomas, 81 Cal. 56, 22 Pac. 297. A claim showing to whom it is payable, and that it is for board, washing, fuel and attention during certain years at a specified amount per month for a specific number of months, is sufficiently definite: Borum v. Bell, 132 Ala. 85, 31 South. 454. To the same effect, see Stewart v. Small, 11 Ind. App. 100, 38 N. E. 826. A statement in a claim for "services in the care and aiding and supporting" the decedent's sister and minor children, is sufficiently broad to embrace a contribution of money: Grimm v. Taylor's Estate, 96 Mich. 5, 55 N. W. 447. If the claim is for services rendered to the decedent under an agreement for payment when she sold certain land which has not been sold, the claim is not defective because it does not describe the land: Thompson v. Orena, 134 Cal. 26, 66 Pac. 24. Presenting a claim "for services rendered the decedent at her request" is not a presentation of a claim for services rendered in consideration of the promise of the deceased to make a will in the claimant's favor: Etchas v. Orena, 127 Cal. 588, 60 Pac. 45.

A claim for services rendered by a married woman while living with her husband is community property, and should be presented in his name. But where such a claim, verified by the wife, is presented in her name by the husband, and is rejected, and an action is subsequently brought thereon by them, a judgment in their favor will not be reversed on account of the informality in the manner of the presentation: Smith v. Furnish, 70 Cal. 424, 12 Pac. 392; approved in Sixta v. Heiser, 14 S. D. 346, 85 N. W. 598.

A claim for medical services need not allege that the physician who rendered them was licensed as required by law: Cooper v. Griffin, 13 Ind. App. 212, 40 N. E. 710.

**Waiver of Insufficiency of Statement.**—Where no objection is made by the executor or administrator against the sufficiency of the form in which a claim is stated he may be deemed to have waived the insufficiency. If he relies on defects in form in refusing to allow a claim, he should make known his objection seasonably: Brown v. Forst, 95 Ind. 248; Waltemar v. Schnick's Estate, 102 Mo. App. 133, 76 S. W. 1053; Ross v. Knox, 71 N. H. 249, 51 Atl. 910; Merino v. Munoz, 99 App. Div. 201, 90 N. Y. Supp. 985; Aiken v. Coolidge, 12 Or. 244, 6 Pac. 712. As to the waiver of the absence or insufficiency of the verification of a claim, see post, p. 306. To quote from Britain v. Fender, 116 Mo. App. 93, 92 S. W. 179: "The demand must be in writing and must state the amount and nature of the claim with a copy of the instrument of writing or account, upon which the claim is founded. These requisites are all jurisdictional, and, if the claimant fails to perform any of them, neither the probate court in the first instance, nor the successive courts to which an appeal may be prosecuted, obtains jurisdiction over the cause. But, to confer jurisdiction, no more is required of the claimant than the identification of his claim, in the exhibition thereof, to the extent that the administrator may be apprised of its amount and origin and thus be enabled to investigate it intelligently, and that a recovery upon it may operate as a bar to any other action based upon the same cause. With these purposes accomplished, the court acquires jurisdiction over the demand, and notwithstanding it may be meager, and to some extent indefinite, in statement, if the administrator is satisfied to go to trial upon the merits without first moving to have it made more definite and certain, he waives all such defects, and will not be heard to object to them, especially after verdict."

### Matters Necessary to Set Forth.

**Justness of Claim.**—The statutes generally provide that a claim which is due when presented to the executor or administrator must be supported by an affidavit of the claimant or some one on his behalf that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same: Cal. Civ. Code, sec. 1494; Ariz. Rev. Stats., sec. 1743; Idaho Rev. Stats., sec. 5464; Mont. Code Civ. Proc., sec. 2604; Okl. Rev. Stats., sec. 1620; Wyo. Rev. Stats., sec. 4750. Without an affidavit of the justness of the claim it is not properly authenticated nor duly presented: Green v. Brooks, 25 Ark. 318; Strickland v. Sandmeyer, 21 Tex. Civ. App. 351, 52 S. W. 87; Thurber v. Miller, 14 S. D. 352, 85 N. W. 600. In Kentucky the claim must also be verified by another than the claimant, who must state in his affidavit that he believes the claim to be just and correct and give the reasons for his belief: Dewhurst v. Shepherd's Exr., 102 Ky. 239, 43 S. W. 253. An affidavit to a claim which is actually owing, but not then payable, is not false in stating that the claim is "due," since the word is

here used in its primary sense of "owing": Crocker-Woolworth Nat. Bank v. Carle, 133 Cal. 409, 65 Pac. 951.

**Credits, Payments, Offsets, Security and Usury.**—Administration statutes usually provide that a claim presented to an executor or administrator, must be supported by affidavit that no payments have been made thereon which are not credited and that there are no offsets to the same: See statutes cited in preceding paragraph; McWhorter v. Donald, 39 Miss. 779, 80 Am. Dec. 97. This statutory requirement must be at least substantially complied with in order to entitle the claim to allowance: Perkins v. Onyett, 86 Cal. 348, 24 Pac. 1024; Cecil v. Rose, 17 Md. 92; Walters v. Prestidge, 30 Tex. 65; but a substantial compliance with the statute is enough: State v. Collins, 16 Ark. 32; Griffith v. Lewin, 129 Cal. 596, 62 Pac. 172; Merchants' Bank v. Ward's Admr., 45 Mo. 310; Gaston v. McKnight, 43 Tex. 619. The rule, as expressed in some jurisdictions, is that the affidavit must show what amounts, if any, have been paid, and any debts due from the claimant to the estate: Brown v. Brown, 45 S. C. 408, 23 S. E. 137. A verification stating that the sum is justly due, that no payments have been made thereon which are not credited, and that there are no offsets except some small items the exact amount of which is not known to the affiant, but which she is willing to have credited upon the same, is sufficient, since the exception is as definite as the claimant can truthfully make it: Guerin v. Joyce, 133 Cal. 405, 65 Pac. 972. An affidavit presenting a note with credits indorsed thereon is not defective in not stating the amount claimed to be due: Waltemar v. Schnick's Estate, 192 Mo. App. 133, 76 S. W. 1053.

An affidavit to a claim presented by an administratrix is insufficient if it does not state ·that no payments have been made: In re Clapsaddle's Estate, 4 Misc. Rep. 355, 24 N. Y. Supp. 313.

A claimant is not required to specify in his affidavit an independent demand due from him to the estate which the administrator may or may not plead as a counterclaim at his option: Osborne v. Parker, 66 App. Div. 277, 72 N. Y. Supp. 894. And the Missouri statute requiring a claimant to make affidavit that all just credits and offsets have been allowed does not apply in case the claim is made as a counterclaim by the creditor in an action in another court than the probate tribunal to establish a claim against him in favor of the estate: Stiles v. Smith, 55 Mo. 363.

The statutory provision that the credits to which the estate is entitled shall be set forth in the claim is complied with where the credit is not itemized but is stated in gross: Miller v. Eldridge, 126 Ind. 461, 27 N. E. 132. But in Delaware, under the rule that the claim must disclose all credits within the plaintiff's knowledge, it has been held not sufficient to make a general reference to the defendant's books for credits: Lolley v. Needham's Exrs., 1 Harr. 86.

The statutes of some states require that the affidavit shall state that there is no setoff or discount: Worthley's Admrs. v. Hammond, 76

Ky. (13 Bush) 510; Ex parte Hanks, Dud. Eq. 231; or any usury therein: Leach v. Kendall's Admr., 76 Ky. (13 Bush) 424; Cheairs' Exrs. v. Cheairs' Admrs., 81 Miss. 622, 33 South. 414. A "setoff" is not a "discount" within this rule, and hence the claimant must swear both that there is no setoff and no discount, otherwise his claim is not well presented: Trabue's Exr. v. Harris, 58 Ky. (1 Met.) 597.

In some of the states the affidavit should state, if such is the case, that no security has been received for the payment of the debt: Smoot's Admr. v. Bunbury's Exr., 1 Har. & J. 136; McWhorter v. Donald, 39 Miss. 779, 80 Am. Dec. 97.

**Particulars of Unmatured or Contingent Claims.**—Some states have a statutory provision that if the claim is not due when presented, or is contingent, the particulars of the claim must be stated, but no affidavit is necessary: Verdier v. Roach, 96 Cal. 467, 31 Pac. 554. Where a decedent had contracted to take certain shares of stock at a certain time, the presentation to his administrator of a verified claim for the price agreed, including a copy of the contract, and an offer to surrender the certificate, is a sufficient statement of the "particulars of the claim": Maurer v. King, 127 Cal. 114, 59 Pac. 290. And where a claim is for services rendered to the decedent under an agreement that they should be paid when she sold certain land, which she did not sell, the claim is not defective because it fails to describe the land: Thompson v. Orena, 134 Cal. 26, 66 Pac. 24. A promissory note, whether matured or not, requires no statement of particulars other than that found upon its face. Hence a claim based thereon is sufficient if it contains a copy of the note followed by the statutory affidavit: Landis v. Woodman, 126 Cal. 454, 58 Pac. 857; Crocker-Woolworth Nat. Bank v. Carle, 133 Cal. 409, 65 Pac. 951. An affidavit to a claim, actually owing but not then payable, is not false in stating that the claim is "due," for the word is here used in its primary sense of "owing": Crocker-Woolworth Nat. Bank v. Carle, 133 Cal. 409, 65 Pac. 951.

**Production of Instrument or Copy Thereof.**—If a claim against the estate of a decedent is founded upon a written instrument, a copy thereof must accompany the claim. The original instrument, however, need not be exhibited, unless demanded; the copy is sufficient. In case the original is demanded, it must be exhibited unless lost or destroyed: Posey v. Decatur Bank, 12 Ala. 802; Estate of McDougald, 146 Cal. 191, 79 Pac. 878; Pulley v. Perfect, 30 Ind. 379; Bryson v. Kelley, 53 Ind. 486; Baker v. Chittuck, 4 G. Greene, 480; Kentucky Title Co. v. English, 20 Ky. Law Rep. 2024, 50 S. W. 968; McKinney v. Hamilton's Estate, 53 Mich. 497, 19 N. W. 263; Waltemar v. Schnick's Estate, 102 Mo. App. 133, 76 S. W. 1053; Britain v. Fender, 116 Mo. App. 93, 92 S. W. 179; Dorias v. Doll, 33 Mont. 314, 83 Pac. 884; McFarland v. Fairlamb, 18 Wash. 601, 52 Pac. 239; First Nat. Bank v. Root, 19 Wash. 111, 52 Pac. 521. In Indiana, it is sufficient to file a note against the estate without accompanying it with

a formal complaint: Garrigus v. Home Frontier etc. Soc., 3 Ind. App. 91, 50 Am. St. Rep. 262, 28 N. E. 1009. See, too, Price v. Jones, 105 Ind. 543, 55 Am. Rep. 230, 5 N. E. 683. In a statement based upon a note so torn and mutilated that the signature of the maker does not fully appear thereon, and alleging that the torn portion is lost, it must also be alleged that the mutilation was done innocently and was the result of accident or mistake: McCullough v. Smith, 24 Ind. App. 536, 79 Am. St. Rep. 281, 57 N. E. 143.

Where a note secured by mortgage given by the decedent has been assigned to the administratrix, the filing of a copy of the note with the claim is sufficient without a copy of the assignment: Estate of McDougald, 146 Cal. 191, 79 Pac. 878.

Reference to Lien or Security.—If the claim is secured by a mortgage or recorded lien it is sufficient, according to the statutes of some states, to describe the lien or mortgage, and refer to the date, volume and page of its record: Consolidated Nat. Bank v. Hayes, 112 Cal. 75, 44 Pac. 469; Moore v. Russell, 133 Cal. 297, 85 Am. St. Rep. 166, 65 Pac. 624; Estate of McDougald, 146 Cal. 191, 79 Pac. 878. But either this must be done, or the claim be accompanied by a copy of the mortgage; it is not enough to present the note, which recites that it is secured by mortgage: Bank of Sonoma County v. Charles, 86 Cal. 326, 24 Pac. 1019; Evans v. Johnston, 115 Cal. 180, 46 Pac. 906; Estate of Turner, 128 Cal. 388, 60 Pac. 967. In case the mortgage is ineffectual because the decedent had no interest in the encumbered property, the note is properly presented without making any reference to the mortgage: Otto v. Long, 127 Cal. 471, 59 Pac. 895. According to some authorities, the affidavit should state, if such is the case, that no security for the debt has been received: Smoot's Admr. v. Bunbury's Exr., 1 Har. & J. 136; McWhorter v. Donald, 39 Miss. 779, 80 Am. Dec. 97.

### Verification of Claim.

Necessity of Verification.—The statutes usually require that claims presented to an executor or administrator for allowance must be supported by affidavit that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same: Perkins v. Onyett, 86 Cal. 348, 24 Pac. 1024. Other decisions on this question are: Winningham v. Holloway, 51 Ark. 385, 11 S. W. 579; Smith v. Denman, 48 Ind. 65; Clawson v. McCune, 20 Kan. 337; Leach v. Kendall's Admr., 76 Ky. (13 Bush) 424; Hood v. Maxwell, 23 Ky. Law Rep. 1791, 66 S. W. 276; Swift Iron & Steel Works v. Schulte, 8 Ky. Law Rep. 787; Watson v. Watson, 58 Md. 442; Walker v. Nelson, 87 Miss. 268, 39 South. 809; In re Baker, 27 Misc. Rep. 126, 57 N. Y. Supp. 398; Terry v. Dayton, 31 Barb. 519. It is sometimes said that the statutory requirement that the claim be verified is imperative: Worley v. Hineman (Ind. App.), 29 N. E. 570; or that the verification is a step preliminary

to the conferring of jurisdiction on the court, and a condition precedent to the authority of the court to allow the claim: McWhorter v. Donald, 39 Miss. 779, 80 Am. Dec. 97; Cheairs' Exrs. v. Cheairs' Admrs., 81 Miss. 662, 33 South. 414; Fitzpatrick v. Stevens, 114 Mo. App. 497, 89 S. W. 897; Clancey v. Clancey, 7 N. M. 405, 37 Pac. 1105, 38 Pac. 168; modified, if not overruled, in Gutierrez v. Scholle, 12 N. M. 328, 78 Pac. 50. Some courts, however, regard the statute prescribing verification as merely directory: Wile v. Wright, 32 Iowa, 451; Wise v. Outtrim, 139 Iowa, 192, 130 Am. St. Rep. 301, 117 N. W. 264; and we shall presently see that other courts hold that the affidavit may be waived, and that an insufficient verification does not necessarily vitiate the allowance of the claim.

In Arkansas a plaintiff who sues an executor without first making the affidavit authenticating his claim prescribed by statute will be nonsuited: Ross v. Hine, 48 Ark. 304, 3 S. W. 190. But in Kentucky where there is a failure to make affidavit of the justness of the claim as required by statute, before suing an heir thereon, the petition should not be dismissed absolutely, but simply without prejudice: Teeter v. Anderson, 8 Ky. Law Rep. 108.

Under the Alabama statute claims presented directly to the executor or administrator need not be verified, but only those filed with the judge of probate. A valid presentation of a claim, therefore, may be made to the executor or administrator directly without verification: Peevey v. Farmers' & Merchants' Nat. Bank, 132 Ala. 82, 31 South. 466; Nicholas v. Sands, 136 Ala. 267, 33 South. 815. This rule appears to be recognized also in Rayburn v. Rayburn, 130 Ala. 217, 30 South. 365.

Only those demands created by the decedent, not those created by his administrator, need be verified by the claimant: Polly's Exr. v. City of Covington, 10 Ky. Law Rep. 361; Berry v. Graddy, 58 Ky. (1 Met.) 553. And no verification seems to be required in Arkansas of a claim on which action was pending at the time of the death of the decedent: State Bank v. Tucker, 15 Ark. 39; but in other states such claims must be authenticated as required in other cases: Faulkner v. Hendy, 123 Cal. 467, 56 Pac. 99; Anderson v. Schloesser, 153 Cal. 219, 94 Pac. 885.

An affidavit seems unnecessary to support a judgment claim: Goodrich v. Fritz, 9 Ark. 440; Cullerton v. Mead, 22 Cal. 95; Crane v. Moses, 13 S. C. 561. But in Kentucky, before a judgment can be admitted as a claim against a decedent's estate, it must be verified: Curry's Admr. v. Bryant's Admr., 70 Ky. (7 Bush) 301.

Under the Texas statute specifying the manner in which "claims for money," etc., shall be verified before presentation to the executor or administrator, it has been decided that a mortgage is not a "claim for money": Simpson v. Reily, 31 Tex. 298. But in Kentucky a judgment for the enforcement of a mortgage lien on the land of a decedent should not be rendered without a verification of the claim

as prescribed by statute: Tatum v. Gibbs, 19 Ky. Law Rep. 695, 41 S. W. 565.

The Arkansas statute requiring that claims shall be authenticated by affidavit has been held to have no application where a bank seeks to enforce a lien conferred by the statutes of that state on a deceased debtor's stock: McIlroy Banking Co. v. Dickson, 66 Ark. 327, 50 S. W. 868.

A judgment cannot be rendered on a claim against the estate of a decedent on an indebtedness for an express trust fund for which he failed to account, if the claim is not authenticated by affidavit that it is just and has not been paid: McIlroy Banking Co. v. Dickson, 66 Ark. 327, 50 S. W. 868.

Waiver of Verification.—Undoubtedly, the executor or administrator or the probate judge may object to a claim and decline to allow it if it is not supported by the affidavit prescribed by statute, or if the affidavit is defective and does not fulfill the statutory requirements. But it would seem that the omission to verify a claim may be waived, and without doubt defects in the affidavit not seasonably objected to may be regarded as waived: Hollinger v. Holly, 8 Ala. 454; Albertson v. Prewitt, 20 Ky. Law Rep. 1309, 49 S. W. 196; Lyon's Exr. v. Logan County Bank's Assignee, 25 Ky. Law Rep. 1668, 78 S. W. 454; Seymour v. Goodwin, 68 N. J. Eq. 189, 59 Atl. 93. In New Mexico a judgment allowing a claim against an estate which is not sworn to is not void for want of jurisdiction: Gutierrez v. Scholle, 12 N. M. 328, 78 Pac. 50. And in California the rule is that the allowance of claims, upon a defective verification, is not void; it is a judicial act, which entitles the claims to rank as acknowledged debts of the estate, to be paid in due course of administration, although the heirs, not being parties, are not concluded, and have the right to question the allowance at the settlement of the estate: Estate of Swain, 67 Cal. 637, 8 Pac. 497; Consolidated Nat. Bank v. Hayes, 112 Cal. 75, 44 Pac. 469. But in Texas the statutes seem to contemplate that the allowance of an unverified claim is of no force and effect: Anderson v. Cochran, 93 Tex. 583, 57 S. W. 29.

In Alter v. Kinsworthy, 30 Ark. 756, it is said that the omission to verify a claim may be taken advantage of at any time before trial and final judgment. And in Guerin v. Joyce, 133 Cal. 405, 65 Pac. 972, it is said that when no objection to a verification is raised in an action to recover thereon by demurrer or answer, the defendant should not be allowed to make such objection at the trial.

Sufficiency of Verification.—The affidavit to support a claim against the estate of a decedent is only a verification: Empire State Min. Co. v. Mitchell, 29 Mont. 55, 74 Pac. 81. In making it the requirements of the statute must be substantially complied with: Pico v. De La Guerre, 18 Cal. 422; Perkins v. Onyett, 86 Cal. 350, 24 Pac. 1024; but a substantial compliance is all the law demands: Griffith v. Lewin, 129 Cal. 596, 62 Pac. 172; Taggart v. Tevanny, 1 Ind. App. 339, 27

N. E. 511; Thompson v. Bailey, 1 Ky. Law Rep. 321; Cochran v. Germania Nat. Bank, 8 Ky. Law Rep. 790; Foster v. Shaffer, 84 Miss. 197, 36 South. 243. It is not necessary to use or aver in the affidavit the exact words of the statute, but only the substance: Story's Admr. v. Story, 32 Ind. 137; Taggart v. Tevanny, 1 Ind. App. 339, 27 N. E. 511; Crosby v. McWillie, 11 Tex. 94. Still the affidavit must contain the substantial requisites prescribed by the statute: Gilmore v. Dunson, 35 Tex. 435. In Beddow v. Wilson, 28 Ky. Law Rep. 661, 90 S. W. 228, a verified answer, containing the proper statutory averments, is held a sufficient affidavit of a claim.

An affidavit to an account that it is correct according to the claimant's best knowledge and belief is declared insufficient in Dennis v. Coker's Admr., 34 Ala. 611.

In some of the earlier cases it is decided that the omission of the affiant's signature to the affidavit is not a fatal defect, at least if the jurat is properly authenticated: Mahan v. Owen, 23 Ark. 347; Alford's Admrs. v. Cochrane, 7 Tex. 485. But the statutes now generally contemplate that a claim cannot be duly presented unless the affidavit is signed by the affiant, and it is held that the omission of such signature is not cured by a properly signed jurat: Anderson v. Cochran, 93 Tex. 583, 57 S. W. 29; Lanier v. Taylor (Tex. Civ. App.), 41 S. W. 516.

When it appears from the affidavit that the same person is "claimant" and "affiant," the use of one of these words rather than the other is immaterial: Davis v. Browning, 91 Cal. 603, 27 Pac. 937; Warren v. McGill, 103 Cal. 153, 37 Pac. 144; Dorais v. Doll, 33 Mont. 314, 83 Pac. 884. And the omission of the word "dollars," in stating the amount of the claim, is not fatal: Hall v. Superior Court, 69 Cal. 79, 10 Pac. 257.

Claims must be accompanied by the original affidavit, rather than copies: Ash v. Clarke, 32 Wash. 390, 73 Pac. 351.

Under the early probate practice in some jurisdictions the affidavit to a claim could be made ore tenus. If the claimant stated as a witness on oath the necessary facts required in an affidavit under the statute, it would supply the absence of the affidavit: Overly's Exr. v. Overly's Devisees, 58 Ky. (1 Met.) 117; Kincheloe v. Gorman's Admrs., 29 Mo. 421. But the statutes now very generally demand a written affidavit to support claims against the estate of a decedent.

If a statute requiring the verification of claims is regarded as merely directory, then the oath may be administered after the claim has been filed: Goodrich v. Conrad, 24 Iowa, 254. But if the statute is regarded as mandatory, perhaps an affidavit given after the filing of the claim comes too late: Hanna v. Fisher, 95 Ind. 383. In Indiana, if a claim has been properly verified, acceptance of an additional unverified statement subsequently filed in open court, with leave first obtained, is no ground for reversing a judgment for the claimant: Taggart v. Tevanny, 1 Ind. App. 339, 27 N. E. 511. And

in Arkansas, if a creditor presenting a claim for services rendered the testator rendered an account for the same services to the testator, in which the amount was smaller, the smaller account may be allowed without being sworn to, the original account having been properly authenicated: Clark v. Bomford, 20 Ark. 440. The statutory requirement of verification is not fulfilled by an affidavit, made within the lifetime of the decedent, to the effect that he was then justly indebted to the affiant and had paid nothing toward the satisfaction of the demand: Wikerson v. Gorden, 48 Ark. 360, 3 S. W. 183.

Persons Verifying Claim.—The affidavit to a claim should ordinarily be made by the claimant himself, not by his attorney, agent or other representative: Beirne v. Imboden, 14 Ark. 237; Macoleta v. Packard, 14 Cal. 178; Zachary v. Chambers, 1 Or. 321. An affidavit by the husband of the creditor is insufficient: McWhorter v. Donald, 39 Miss. 779, 80 Am. Dec. 97. And an attorney cannot prove a claim by swearing that he has it for collection; he must prove it in the name of the owner of the claim: Westfield v. Westfield, 13 S. C. 482.

The statutes of many states now recognize that a claim may be verified by another person than the claimants, provided he is cognizant of the facts: Mason v. Bull, 26 Ark. 164; Lanigan v. North, 69 Ark. 62, 63 S. W. 62; Hansell v. Gregg, 7 Tex. 223; McIntosh v. Greenwood, 15 Tex. 116; Heath v. Garrett, 46 Tex. 23. The rule expressed in some states is that when the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant; and under this rule it has been held that an affidavit by an agent must state why the principal does not make it: Perkins v. Onyett, 86 Cal. 348, 24 Pac. 1024; and that an affidavit by an officer of a corporation must assign an excuse for his company not making it when it does not disclose that the claimant is a corporation: Empire State Min. Co. v. Mitchell, 29 Mont. 55, 74 Pac. 81. An affidavit by one of the attorneys of the claimant, reciting that the claimant is a corporation and none of its officers except such attorneys reside in the county, is sufficient: Empire State Min. Co. v. Mitchell, 29 Mont. 55, 74 Pac. 81. A form of verification of a claim presented by a corporation will be found in Consolidated Nat. Bank v. Hayes, 112 Cal. 75, 44 Pac. 469. An affidavit to support the claim of a corporation must, under the Arkansas statute, be made by its cashier or treasurer, not by its president: Lanigan v. North, 69 Ark. 62, 63 S. W. 62. And according to Cox v. Higginbotham's Admr., 25 Ky. Law Rep. 1057, 76 S. W. 1079, where the president of a bank is administrator, its claim against the estate may be properly sworn to by its cashier, who is familiar with its books and accounts, and by its managing agent. The sufficiency of the affidavit of the treasurer of a corporation is passed upon in Deringer's Admr. v. Deringer's Admr., 5 Houst. 528; Fidelity Ins. Trust & Safe Deposit Co. v. Niven, 6 Houst. 64.

According to Gregory v. Bailey's Admr., 4 Harr. 256, the acting partners of a firm must all join in probating a demand, but dormant or retired partners, or partners permanently absent from the country, need not join. Generally, however, the affidavit of one joint claimant is sufficient to authenticate the claim: Ashley v. Gunton, 15 Ark. 415. But it has been held that a debt due from the estate of a decedent to six persons in severalty cannot be verified by the oaths of three alone: Cecil v. Rose, 17 Md. 92.

The affidavit of a third person to a claim must state that the affiant has knowledge of the correctness of the claim, and that it is due: Pickle's Admr. v. Ezzell, 27 Ala. 623. An affidavit by an agent that "he knows the within claim is just, true, and unpaid, as charged against the estate of Jesse Beene, deceased," is sufficient: Beene's Admr. v. Collenberger, 38 Ala. 647.

It has been said that an affidavit supporting a claim, made by an agent, is not invalid because it does not show the agency: Heath v. Garrett, 46 Tex. 23. But if the affidavit of an agent is defective for failure to show that it is made by an agent, the defect may be cured by amendment: Dawson v. Wombles, 104 Mo. App. 272, 78 S. W. 823.

In an early Missouri case it was said that an affidavit to a claim can be made by an agent of the creditor only when he has the management and transaction of the business out of which the demand originated: Peter v. King, 13 Mo. 143. But more recently in that state it has been decided that an affidavit by an agent is not defective for not stating that he had such management, or had means of knowing the verified facts. Those matters may be shown by evidence aliunde: Dawson v. Wombles, 104 Mo. App. 272, 78 S. W. 823.

In Arkansas, where a claim is properly authenticated when presented to the executor or administrator, and is thereafter assigned, it is not necessary for the assignee to verify the claim: Collier v. Trice, 79 Ark. 414, 96 S. W. 174.

The Kentucky statute requiring the verification of claims against deceased persons has been held not to apply to the commonwealth: Arnold's Exr. v. Commonwealth, 80 Ky. 135.

## Amendment of Claim.

Right to Amend in General.—An improper attempt to present a claim against the estate of a decedent does not estop the claimant from again presenting it in due form within the proper time: Warren v. McGill, 103 Cal. 153, 37 Pac. 144; Westbay v. Gray, 116 Cal. 660, 48 Pac. 800. And a statement may be amended to supply any deficiency or omission in order to promote substantial justice, provided a different claim or a new cause of action is not added by the amendment. In fact, courts are liberally disposed to permit the amendment of claims as to formal or technical matters: Appeal of Merwin, 72 Conn. 167, 43 Atl. 1055; Belleville Sav. Bank v. Borman (Ill.), 7 N. E. 686, 10 N. E. 552; Wolfe v. Wilsey, 2 Ind. App. 549,

28 N. E. 1004; Wise v. Outtrim, 139 Iowa, 192, 130 Am. St. Rep. 301, 117 N. W. 264; Simmons v. Tongue, 3 Bland, 341; Corson v. Waller, 104 Mo. App. 621, 78 S. W. 656. But "while it is proper," said the court in Carter v. Pierce, 114 Ill. App. 589, "to permit an amended claim, or an amendment to an original claim, to be filed for the purpose of correcting the same, or making it more specific, or increasing or reducing the amount thereof, the identity of the claim with the original must appear. The substitution of one cause of action for another entirely foreign thereto cannot be treated as an amendment."

The omission of the Christian name of the plaintiff in his statement of a claim may be cured by amendment: Peden's Admr. v. King, 30 Ind. 181. And where a claim is filed by the administrator of another state, the court may subsequently allow an amendment introducing the real claimant as plaintiff instead of the administrator: McCall v. Lee, 24 Ill. App. 585, affirmed in 120 Ill. 261, 11 N. E. 522.

**Effect of Statute of Limitations.**—Where a claim is so stated that it apparently is barred by the statute of limitations, the allegation of additional facts preventing the bar of the statute does not destroy the identity of the claim. And after the expiration of the period limited for presenting claims, a creditor should be permitted in furtherance of justice to amend his claim as to formal or technical matters: Wise v. Outtrim, 139 Iowa, 192, 130 Am. St. Rep. 301, 117 N. W. 264; Kirman v. Powning, 25 Nev. 378, 60 Pac. 834, 61 Pac. 1090; but it is then too late, by amendment or otherwise, substantially to change his demand or substitute another therefor: Estate of Sullenberger, 72 Cal. 549, 14 Pac. 513. It is erroneous to allow one who has filed a claim for a loan of money to the decedent to amend it, after the expiration of the time prescribed for filing claims, by substituting a claim for a different loan, although the claim is for the same amount: Dickey v. Dickey, 8 Colo. App. 141, 45 Pac. 228. And a creditor will not be allowed to amend his claim by adding that it is secured by mortgage, after the expiration of the time for the presentation of claims, and a refusal to permit the amendment is not appealable: Estate of Turner, 128 Cal. 388, 60 Pac. 967.